<hr />

PETER ANDERSON & COMPANY *v.* DIAZ.

Opinion delivered February 10, 1906.

1. DRAMSHOP—LIABILITY OF KEEPER FOR ASSAULT ON PATRON.—A patron of a saloon who is assaulted by a stranger while lying drunk in the saloon is not entitled to recover damages therefor from the keeper of the saloon, either at common law or under Kirby's Digest, § 5124, providing that any person aggrieved by the keeping of a dramshop or drinking saloon may have an action on the statutory bond of the keeper thereof for the recovery of such damage. (Page 608.)

2. LIABILITY OF MASTER FOR UNAUTHORIZED ACTS OF SERVANT.—The keeper of a saloon is not liable for an assault upon one of his patrons committed by his bartender not in the scope of his employment. (Page 608.)

Appeal from Independence Circuit Court; FREDERICK D. FULKERSON, Judge; reversed.

STATEMENT BY THE COURT.

Appellant was a corporation, carrying on a retail liquor business in Batesville, Arkansas. Arthur Anderson was in its employ as bartender. The appellee for his cause of action alleges: "That on the 12th day of January, 1903, the plaintiff was an occupant and patron of the defendant corporation's place of business in its saloon at Batesville, Arkansas, and that while in the said house he became somewhat intoxicated, and had lain down, and was asleep in said defendant's house. That while so asleep he was assaulted by the defendant A. Ramsey Weaver, who was a patron of the said company, and Arthur Anderson, who was at the time in the service of the said saloon company as bartender, in a most brutal, wanton, malicious and cruel manner by pouring alcohol on the plaintiff's foot and setting fire to the same, by rea-

son of which the plaintiff's foot was severely burned before he could extinguish the fire. That the said Arthur Anderson furnished the alcohol to the said Ramsey Weaver from defendant company's saloon, and aided, assisted and abetted the said Ramsey Weaver in putting the same upon the foot of the plaintiff, and also himself poured some of the alcohol on plaintiff's foot. That by reason of said assault this plaintiff was severely burned, and suffered, and has suffered since said time, and continues to suffer, the most excruciating and painful agony to which human beings are subjected."

The damages were laid at $5,000, for which judgment was asked.

The answer denied the allegations of the complaint. There was proof to support the allegations of the complaint. There was no proof and no claim that appellant was negligent in employing or retaining its bartender, Arthur Anderson. The cause was submitted to the jury upon the proof and instructions, and they returned a verdict for $1,000, and judgment was entered accordingly, which this appeal seeks to reverse.

*J. H. Harrod* and *W. A. Oldfield,* for appellant.

1. The master is not liable for malicious acts of his servant committed without the scope of his employment. 140 Mass. 327; 72 Minn. 405. The test of the master's liability is not whether the act was done during the existence of the servant's employment, but whether it was committed in the prosecution of the master's business. 33 Neb. 582. See also, 158 Pa. St. 275.

2. The fourth instruction was erroneous. The master is never liable in exemplary damages for the wrongful or malicious act of the servant, unless it was done with the knowledge or consent of the master, or he afterwards ratified it, or was in some manner negligent in the employment or retention of the servant. 63 Ark. 387; 56 N. Y. 47.

*Lyman F. Reeder, Ernest Neill,* and *Yancey & Casey,* for appellee.

1. The bartender, acting within the scope of his employment, made the plaintiff drunk. The law imposed the duty upon appellant in such case to protect its patron. 90 N. Y. 588; 57

Me. 202; 42 Am. Rep. 33. And they were liable for wanton injuries to him. 120 Pa. St. 579; 83 Minn. 40. There is no distinction between the duty that the proprietors of a saloon owe; to its patrons and that of a common carrier. 41 Am. Dec. 465; 36 Wis. 459; Fed. Cas. No. 7258; 53 Me. 163, 169; 91 Am. Dec. 657.

. 2. The fourth instruction was correct. Plaintiff, under the proof, was entitled to exemplary damages. 6 Sutherland on Dam. 727; 37 Ark. 519, 522; 48 Ark. 396, 406.

WOOD, J., (after stating the facts.) Was appellant liable?

The decision in *Gage* v. *Harvey,* 66 Ark. 68, shows that there is no statutory liability. The sale of liquor at appellant's place of business was not the proximate cause of the injury. Nor was appellant liable according to any of the rules of the common law. Black on Intox. Liq. § 281; *Cruse* v. *Aden,* 127 Ill. 231; *Struble* v. *Nodwift,* 11 Ind. 64.

The cruel act of its agent, Arthur Anderson, was clearly beyond the line of his employment. The master is not liable for the acts of his servant that are beyond the scope of his employment. Cooley on Torts, p. 627. "Where a servant quits sight of the object for which he was employed, and, without having in view his master's orders, pursues that which his own malice suggests," the master will not be liable for his acts. *McManus* v. *Crickett,* 1 East, 106. The "test," says the Supreme Court of Nebraska, of the master's liability is not whether a given act was done during the existence of the servant's employment, but whether it was committed in the prosecution of the master's business. *Davis* v. *Houghtellen,* 33 Neb. 582.

Appellee mistakes the law in saying "that there is no distinction between the duty that the proprietors of a saloon owe their patrons," and that which a common carrier owes its passengers, or an innkeeper his guests. There is a difference as wide as the poles. The saloonkeeper does not hold himself out to the public as the protector of those who may be patrons of his saloon. His business the rather advertises him the other way. But the common carrier and the innkeeper hold themselves forth as providing for the comfort and safety of all who may seek their services— a "refuge through their portals." It is strictly their duty and

their business to exercise the proper care to look after and to protect their passengers and guests from insult and injury. *Britton* v. *Atlanta & C. Ry. Co.*, 88 N. C. 536, 43 Am. Rep. 248. Not so with the saloonkeeper.

The doctrine announced above is supported by the cases cited in appellant's brief and by the following: *Story* v. *Ashton*, L. R. 4 Q. B. 476; *Stone* v. *Hills,* 45 Conn. 47; Wood, Master & Servant, 546; Whittaker's Smith on Neg. p. 199; Wharton's Law of Neg. § 168; and numerous cases cited in notes to these.

The judgment is reversed, and the cause is dismissed.