No. 18,090.

C. D. Cubbage, et al. v. Claude V. Leep.
(323 P. [2d] 1109)

Decided April 14, 1958.

Mr. JOHN STUMP WITCHER, for plaintiffs in error.

Mr. H. R. HARWARD, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

WE shall refer to the parties by name. This was an action by Claude V. Leep, hereinafter referred to as Leep, against C. D. Cubbage and Ethel Cubbage (husband and wife), proprietors and operators of an inn, or tavern, located in Canon City, Colorado, to recover damages for personal injuries sustained by Leep while a guest in the establishment.

The complaint alleged that Leep was a business guest at the Cubbage establishment, known as "Cubs In," and while there a fight and altercation occurred involving Dee Edward Millhollin, "a certain person unknown to this plaintiff and the defendant Ethel Cubbage." Leep further alleged that in "attempting to leave said Cubs In" he "was struck, pushed or otherwise thrown to the floor by one, or all or some of participants in said altercation, the identity of which participant or participants is unknown to plaintiff. That said defendants were negligent towards said plaintiff in that said defendants did admit and invite to the said Cubs In, one Bobbie Millhollin and one Dee Edward Millhollin, persons known to the defendants to have violent and disorderly propensities; permitting and allowing the disorderly conduct described herein; failing to maintain proper order and to exercise reasonable care for the comfort and safety of the guests; encouraging, aiding and abetting the disorderly conduct described herein." Leep then alleged that as a result of the aforesaid acts he suffered a broken leg and prayed or $12,986 damages. Issue was joined, a jury trial had, and a verdict for $1,647.69 in favor of

Leep returned, upon which judgment was entered. The Cubbages bring the case here for review on writ of error.

The issues presented by the pleadings were submitted to the jury under instructions predicated on the negligence of the Cubbages "in failing to use every reasonable precaution to protect the plaintiff from injury arising" in a place "where fights and disorderly conduct had occurred," together with the knowledge on the part of the Cubbages that Mr. Millhollin was a person of violent and disorderly propensities such as to make him dangerous to the safety of others. Another instruction submitted to the jury the issue of contributory negligence on the part of Leep in not leaving the premises prior to the time he was injured.

The evidence discloses that on the night in question Leep together with his wife and another person entered Cubs In at about the hour of 12:30 A.M.; seated themselves at a table and were served three or four drinks of beer. Immediately prior to their appearance at Cubs In these three persons had been guests at the "Shanty," another establishment in the vicinity where intoxicating liquors were dispensed and where each of them consumed three beers. About an hour after the Leep party arrived at Cubs In, Mr. and Mrs. Millhollin entered the place; seated themselves at the bar where a soldier was also seated. The soldier paid for a drink and his change was placed on the bar by Mrs. Cubbage, who was in sole charge of the establishment on that evening, her husband and co-defendant being at home ill. Mr. Millhollin picked up the change belonging to the soldier while the latter was temporarily absent from the bar. The soldier returned, asked for his change and was informed that it had been taken by Mr. Millhollin, and Mrs. Cubbage refused to serve the Millhollins more drinks. Following an argument which lasted some fifteen minutes Mrs. Millhollin went around the end of the bar, picked up a whiskey bottle and gestured as though she was going to

throw it at Mrs. Cubbage. Whereupon the latter asked a young man, named Kochen, then present, to call the sheriff of Fremont County. Kochen did not do so believing no further trouble would ensue. Mrs. Millhollin went back to the bar, grabbed Mrs. Cubbage by her hair, pulled her to the end of the bar and both women fell to the floor, whereupon someone in the place said "let go of her hair." The two women got up and a fight ensued between Millhollin and Kochen. Mrs. Cubbage attempted to call the sheriff, but Mrs. Millhollin jerked the telephone "out of the wall." While the Millhollin-Kochen altercation was taking place Leep and his two friends arose from the table where they had been seated whereupon, according to Leep, Millhollin came over to stop the Leep party from leaving the premises. The record discloses this testimony from Leep:

"Q. Are you sure Millhollin hit you or just happened to push against you? A. I couldn't say for positive about that but I sure went down. Q. You don't know then. You didn't have any bruises, did you? A. No sir."

Nothing in the record indicates that any of the parties present in the Cubs In on the night in question was intoxicated.

■ A tavern keeper does not hold himself out to the public as the protector of those who may be patrons of his place of business. "His business rather advertises him the other way." *Peter Anderson & Co. v. Diaz*, 77 Ark. 606, 92 S.W. 861.

The owner of a place like Cubs Inn owes to his guests or patrons the duty to use ordinary care and diligence to protect them while lawfully on the premises. In the instant case Leep had a right to rely on the implied promise of the proprietor that he would be protected from injury while lawfully on the premises insofar as the Cubbages could protect him by the exercise of reasonable care and diligence.

■ Reasonable care and diligence is measured by

what a person of ordinary prudence would or would not do under the same or similar circumstances.

Several months prior to the incident upon which the instant case is predicated, Mr. and Mrs. Millhollin were in the Cubbage establishment and another soldier was present. It appears that this soldier, speaking to Mrs. Millhollin said: "You are the woman I slept with last night," and at that time Mr. Millhollin engaged in an altercation with this service man.

The occasion on which Mr. Millhollin struck the soldier who claimed he had slept with Mrs. Millhollin the previous evening, occurred more than six months prior to the time Leep was injured. The Millhollins had been in the Cubbage Tavern many times following this incident and no disturbance or boisterous conduct had been indulged by them during this six months period. It is conceded that the operator of a restaurant which dispenses intoxicating liquors is not an insurer of the safety of its guests, but is liable only for negligence.

█ There is nothing in this record to indicate that Mrs. Cubbage acted in any other manner than a person of ordinary prudence would act under similar circumstances. For aught that appears in the record the Millhollins were sober and law abiding when they entered Cubs In, and when Mrs. Millhollin attacked Mrs. Cubbage the latter called for help and asked that the sheriff be called, but her plea was not heeded. There is nothing in the record to indicate that Mrs. Cubbage knew or had reason to believe or anticipate that her argument with Mrs. Millhollin would erupt in violence. In the absence of a statute requiring the employment of a peacemaker or "bouncer" in places such as Cubs In, we are of the opinion that plaintiff failed to establish negligence on the part of the Cubbages, and conclude that the trial court should have sustained their motion for a directed verdict interposed at the end of plaintiff's case and renewed at the conclusion of the case.

The judgment is reversed and the cause remanded with directions to dismiss the action.

MR. JUSTICE MOORE not participating.

MR. JUSTICE DAY specially concurs.

MR. JUSTICE DAY specially concurring.

I concur in the majority opinion and in the result therein, but believe that in view of the record additional comments are in order.

The record herein discloses that the argument and ensuing scuffle between the women, in which they fell on the floor and engaged in hair pulling, the altercation resulting in the ripping of the telephone from the wall and the other elements of the melee continued for a period of about fifteen to twenty minutes. During all this time the defendant in error was a willing spectator. Therefore, while it is the law that the owner of an establishment like "Cubs Inn" owes to his customers or patrons the duty of ordinary care and diligence to protect them, the patrons also have a duty to protect themselves when they can readily observe a situation getting out of hand. This is particularly true when they had full knowledge that the establishment was in charge of a lone woman. Therefore the right that Leep had to rely on the implied promise of the proprietor that he would be protected from injury while lawfully on the premises is of no avail to him when he had a reasonable time — in the present instance from ten to fifteen minutes — to absent himself from the vicinity of the struggle which eventually enveloped him. To put it another way, this record not only shows that the proprietor was not negligent but that Leep was injured by reason of his own folly in remaining to see "the fireworks."