No. 20465.

COLORADO-WYOMING RAILWAY COMPANY *v.*
WHEELOCK BROS. INC.
(395 P.2d 1)

Decided August 31, 1964.

Messrs. PHELPS, FONDA, HAYS & WILLS, for plaintiff in error.

Mr. LAURENCE A. ARDELL, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to plaintiff in error as defendant or by name, and to defendant in error as plaintiff.

Defendant is engaged in interstate commerce and its principal business is that of hauling ore, coal, and other material from various points in Wyoming and southern Colorado to the steel mills operated by the Colorado Fuel and Iron Company at Pueblo, Colorado. The plant operated by Colorado Fuel and Iron Company occupies an area of approximately one square mile within which there is a network of railroad switching facilities serv-

ing furnaces, warehouses, and factories. There are between 300 and 350 railroad crossings within the area over which trucks and motor vehicles pass in travelling throughout the grounds.

The pertinent allegations contained in the complaint filed by plaintiff are as follows:

"That on December 16, 1958, the plaintiff dispatched a truck to the Minnequa Plant of the Colorado Fuel and Iron Corporation; that the truck driven by one Sam Sloop entered the plant area and was proceeding to the Merchants Mill Warehouse on said plant grounds; that in crossing certain railroad tracks located on said premises the plaintiff's vehicle was struck by three Gondola cars being moved by employees of the Colorado-Wyoming Railway Co.; that the employees of the Colorado-Wyoming Railway Co., acting within the scope of their employment, negligently and carelessly caused severe damage to the plaintiff's vehicle."

Plaintiff claimed damages in the sum of $5,395.61.

In the answer filed by defendant it was admitted:

"That on or about December 16, 1958, Sam Sloop, while driving a truck on the Minnequa plant of the Colorado Fuel and Iron Corporation crossed a railroad track and was thereby involved in an accident with a Gondola car."

Defendant affirmatively alleged:

(a) That the accident was the result of the sole negligence of plaintiff.

(b) That the accident was the result of contributory negligence of plaintiff; and

(c) That the accident occurred at a private railroad crossing.

After trial to a jury a verdict was rendered for plaintiff in the sum of $4,000.00, the stipulated amount of damages, and judgment was entered in accordance therewith. Motion for new trial was filed and denied.

The grounds urged for reversal of the judgment are

presented by the defendant under four separate captions as follows:

1. That the trial court erred in failing to grant a directed verdict in favor of defendant.

2. That the court erred in giving Instruction No. 8.

3. That the court erred in giving Instruction No. 11.

4. That the plaintiff was guilty of contributory negligence as a matter of law.

The first ground hereinabove mentioned is argued as follows:

"A.

"CF&I had the exclusive right to control the intersection and establish the rules for operation, and pursuant thereto, granted the Defendant the right of way at all intersections.

"B.

"This crossing was not only private, but it was exclusive and the Plaintiff was required to take the conditions as he found them.

"C.

"Even though the Plaintiff was well aware of the risks involved in driving on the Plant grounds, if more notice or precautions should have been given to the Plaintiff, such was the duty of the CF&I and not of the Defendant."

It is undisputed that the driver of plaintiff's truck was thoroughly familiar with the roadway over which he was travelling and knew the location of the railroad crossing. We are not concerned with the question as to whether there was sufficient warning by signs, crossbars, or otherwise regarding the location of the railroad track. The driver of the truck knew it was there.

The accident occurred in mid-December at about 6:00 o'clock P.M. It was dark. Plaintiff's driver had entered the premises on approximately 200 previous occasions in connection with his employer's business, and he held a pass permitting free access to the area. His status was that of a business invitee. There was evidence

tending to prove that as he approached the crossing he looked and saw some gondola cars but did not see them moving. They, or some other cars which he did not see at all, had been propelled by some force, presumably an engine, and kicked or released into a "flying switch" and if moving at all when he went onto the crossing they were moving very slowly through the darkness. There were no brake contacts with any engine and there was no control over the movement of the cars from any source; no one was aboard any of the three cars to apply manually operated brakes; there were no lights on the cars, and there was no bell, whistle or sound of an engine to warn the driver.

■ Defendant refers us to the testimony of one of the members of the crew conducting the switching operation that he was standing with his lantern ten to twelve feet off the edge of the blacktop roadway; that he noticed the driver was not going to stop and started running toward him shouting and waving his lantern but the driver failed to see him and moved on. It is not clear how far this man was from the tracks, or whether he was waving his lantern at a point visible to the driver. The distance between him and the driver is not established, nor is it clear how far the truck was from the tracks when he began waving and shouting. It is uncertain whether the claimed action of the man with the lantern, if in fact it took place as stated, was taken in apt time. This evidence was disputed by other testimony and is inconsistent with some of the circumstances surrounding the event, and was properly submitted to the jury. The jury resolved the disputed evidence and the inferences to be drawn from all the attendant circumstances against the defendant. The findings of the jury having support in the evidence are binding upon this court.

■ Defendant assigns error to the giving of Instruction No. 8 which reads as follows:

"You are instructed that in making a flying or gravity

switch by which gondola cars are being moved without the use of an attached engine, the railroad is under a duty to exercise such care as the surrounding circumstances require.

"In moving said gondola cars across a private crossing, the railroad must maintain adequate control and give adequate warning commensurate with the surrounding circumstances."

The argument is that the instruction leaves to speculation the matter of "adequacy" of control and warning, and that in the absence of an opinion of an expert witness as to the "adequacy" of controls and warning at the time of the accident, the question of the negligence of defendant in operating by the use of "flying switches" should not have been submitted to the jury. Suffice it to say that we cannot agree with this argument.

 The trial court properly submitted to the jury the questions of negligence of defendant and contributory negligence of plaintiff. *Arps v. City and County of Denver, et al.*, 82 Colo. 189, 257 Pac. 1094; *Colorado and Southern Railway Company v. Honaker*, 92 Colo. 239, 19 P.2d 759; *Robinson v. Belmont-Buckingham Holding Company*, 94 Colo. 534, 31 P.2d 918.

 Objection is taken to the giving of Instruction No. 11 which reads as follows:

"You are instructed that a party suddenly realizing that he is in danger from the negligence of another is not to be charged with negligence for every error of judgment when practically instantaneous action is required, but is required to act only with ordinary and reasonable care considering all the circumstances."

Undisputed testimony is to the effect that there are two parallel railroad tracks crossed by the roadway used by trucks and automobiles at the scene of the accident, and that one of defendant's gondolas was standing in such a position as to occupy a third of the roadway crossing the tracks. In order to drive his truck across the tracks plaintiff's driver was virtually compelled to

occupy space on the wrong side of the roadway. After going onto the tracks and around the protruding gondola car placed there by defendant, he saw another vehicle coming from the opposite direction. His choice was to proceed forward and risk a collision with the approaching vehicle or stop on the tracks. Under these circumstances the driver of the truck was confronted with an emergency choice. The giving of Instruction No. 11 was not error *Ankeny v. Talbot, et al.,* 126 Colo. 313, 250 P.2d 1019; *Bird v. Richardson, et al.,* 140 Colo. 310, 344 P.2d 957. The assertion of counsel for defendant that plaintiff "was required to take the conditions as he found them" is not correct. The argument is based on the premise that plaintiff was no more than a licensee on the premises. It is clear that he was an invitee.

■ We find no merit in the argument that the Colorado Fuel and Iron Company, as the owners of the title to the property where the accident occurred, "had the exclusive right to control the intersection and establish the rules for operation, and pursuant thereto, granted the defendant the right of way at all intersections," and that by reason thereof defendant cannot be held responsible for the negligent acts of its agents.

We find no error in the record before us and the judgment accordingly is affirmed.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ concur.