No. 22808.

Paul Schneider and Charles E. Vitt d/b/a The Parkway
Inn *v*. Paul Pinnt.
(476 P.2d 1004)

Decided November 30, 1970.      Rehearing denied December 7, 1970.

ZARLENGO, MOTT and CARLIN, E. EUGENE SCHNABEL, ALBERT E. ZARLENGO, JR., for plaintiffs in error.

WILLIAMS, TAUSSIG and TRINE, JOEL H. GREENSTEIN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE LEE.

THIS case involves the duty of a tavern keeper to protect his patrons from injury while lawfully on the business premises.

Defendant in error, Paul Pinnt, claimed damages from plaintiffs in error, Charles E. Vitt, doing business as The Parkway Inn, and Phil Schneider, an employee of Vitt and manager of the inn. Pinnt's claims arose out of an altercation which occurred on the tavern parking lot. Trial was to a jury which returned a verdict for $1,800 against plaintiffs in error. Although Pinnt asserted other claims for relief, the matters at issue here relate solely to Pinnt's successful claim against Vitt and Schneider based on negligence in failing to reasonably protect Pinnt, a patron of the Parkway Inn, from being assaulted while on the business premises.

Plaintiffs in error contend the trial court committed eleven errors which require reversal. These may properly be placed in two categories: those relating to the sufficiency of the evidence; and those concerning instructions. We find no prejudicial error and therefore affirm the judgment.

I.

The evidence was in dispute as to the details of the altercation which resulted in personal injuries to Pinnt. According to Pinnt's version of the events, which the jury believed, Pinnt, who was in the used car business, had stopped at the Parkway Inn to locate one of his customers who owed him money. While in the tavern he ordered a glass of beer. As he finished the beer and was about to leave, one Wiley Jones, whom Pinnt had known in the past, walked by Pinnt and made a remark to him. Pinnt followed Jones and Tom Schneider (a brother of Phil Schneider, the manager) out onto the parking lot. There Pinnt stated to Jones: "I didn't understand what you said." Jones replied: "You know very well what I said. I ought to get you." Jones then struck Pinnt. Tom Schneider joined in the fight and assisted Jones in his attack on Pinnt. The manager, Phil Schneider, upon being advised of the fight, went out to the parking lot where Pinnt asked him for help, which he refused. Although Pinnt requested that Phil Schneider call the police, Schneider did not do so. The fighting continued and a severe beating was administered to Pinnt. He suffered abrasions about the face and head, and was rendered unconscious for a time. Medical evidence showed that the beating resulted in a mild concussion. As a further result of the beating, Pinnt received permanent scars on his face and ear. The police were eventually notified and Pinnt was taken to a hospital for treatment.

Needless to say, Phil Schneider's version of what occurred differed in substantial detail. No purpose would be served in setting forth the factual contentions of plaintiffs in error inasmuch as our resolution of the

problem need extend no further than to inquire whether there was sufficient competent evidence in the record to support the verdict of the jury. We find there was. The credibility of the witnesses and the weight to be given to the testimony are matters for the jury's determination, with which this Court will not interfere.

█ Concerning the contention that the evidence did not support the damage award of $1,800 and that the award was excessive, again this was a matter within the sound judgment of the jury. Considering the evidence of injuries hereinbefore described, we cannot say that such award was in any degree excessive, and the record discloses nothing to suggest that it was based upon prejudice.

II.

█ The jury returned its verdict against plaintiffs in error on Pinnt's claim of negligence in failing to reasonably protect him from injury while a guest or patron lawfully upon business premises. We find the jury was properly instructed on the duty of a proprietor of a tavern towards his patrons, as set forth in *Cubbage v. Leep*, 137 Colo. 286, 323 P.2d 1109. *See also* Annot., 70 A.L.R.2d 628.

We have reviewed each instruction of which plaintiffs in error complain and we find no merit to their contentions. An examination of all of the instructions, when read and considered together as a whole, satisfy us that the instructions fairly and adequately set forth plaintiff's several claims for relief and defendants' theories of defense. We find no prejudicial error in this regard.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE HODGES and MR. JUSTICE GROVES concurring.