480 P.2d 868 (1970)
Ernest H. PINE, Jr., John F. Telea, Inc., a Colorado corporation, and John F. Telea, Jr., Plaintiffs in Error,
v.
Arlene VIGIL, individually, and Arlene Vigil, as Administratrix of the Estate of Fred R. Vigil, Deceased, Defendant in Error.
No. 70-333. (Supreme Court No. 23179.)
Colorado Court of Appeals, Div. I.
November 4, 1970.
As Modified on Denial of Rehearing December 8, 1970.
Certiorari Granted March 1, 1971.
*869 Ben Klein, Denver, for plaintiff in error, Ernest H. Pine.
Yegge, Hall & Evans, Wesley H. Doan, Denver, for plaintiffs in error, John F. Telea, Inc., and John F. Telea, Jr.
Litvak & Litvak, Denver, for defendant in error.
Selected for Official Publication.
COYTE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties shall be referred to by name or as they appeared at trial, wherein plaintiffs in error were defendants, and defendant in error was plaintiff.
Arlene Vigil's husband, Fred R. Vigil, went to John's Lounge, which was owned by defendant corporation, John F. Telea, Inc. (hereinafter referred to as Telea, Inc.) Defendant John F. Telea, Jr., (hereafter referred to as Telea, Jr.) was the principal stockholder of this corporation and was present in the lounge during the incident which gave rise to this suit.
Fred Vigil had entered the lounge to drink beer and play pool. While the pool game was in progress, words were exchanged between Vigil and defendant, Ernest H. Pine, Jr. Pine left his bar stool where he had been drinking beer and struck Vigil, knocking him to the floor. Pine then took hold of Vigil and bounced his head against the floor several times. He then went back to the bar, finished his beer, and left the tavern. Vigil went home and died a few days later of internal brain injury.
Defendant Telea, Jr., stated that he had left the lounge in order to move his automobile and that when he returned Vigil was on the floor. Other testimony indicated that he had not left the lounge during the incident. One witness stated that Telea, Jr., was behind the bar, approximately five or six feet from Pine, and that the bartender was passed out at the end of the bar. Further testimony by this witness indicated that Pine on three separate occasions had threatened patrons in the lounge in the presence of Telea, Jr. This witness admitted that the only time prior to the incident in question when he saw Pine strike anyone was on one occasion when Pine delivered one blow against an elderly patron, who immediately left the tavern. He also testified that on several occasions he had observed Pine in the lounge, when no arguments had occurred. He also stated that only a few seconds elapsed from the moment angry words occurred and the incident was over.
Plaintiff filed this suit against Ernest H. Pine, Jr., John F. Telea, Inc., and John F. Telea, Jr., as an individual. Three claims for relief were alleged:
(1) Her first claim was against defendant Pine, in which she alleged that he wilfully, maliciously, and wrongfully assaulted, struck, and beat one Fred R. Vigil, the husband of plaintiff, without cause or provocation, resulting in his death.
(2) Her second claim was against John F. Telea, Inc. and John F. Telea, Jr. In this count she alleged that Telea, Inc., and its agent, Telea, Jr., had negligently operated the tavern in that they knew or should have known of the vicious propensities of Pine, and that, by harboring and serving alcoholic beverages to Pine, they were liable for failing to prevent Pine from inflicting fatal injuries upon Vigil.
(3) Her third claim for relief was against all defendants, wherein she claimed that, as administratrix of Vigil's estate, she was entitled to recovery for funeral expenses.
*870 In their answer defendants Telea, Inc., and Telea, Jr., raised the affirmative defense that the injuries sustained by Vigil were proximately caused by a third party. Defendant Pine answered separately, and generally denied his liability.
Trial was to a jury which returned a verdict against all defendants in the amount of $11,130.39. Defendants Telea, Inc., and Telea, Jr., filed a motion for judgment notwithstanding the verdict and a motion for new trial, both of which were denied. A motion for a directed verdict was also denied by the trial court. All of the defendants appeal.
In particular, Telea, Inc., and Telea, Jr., allege that the trial court should have granted their motion for a directed verdict at the close of plaintiff's evidence, since plaintiff's case in chief was insufficient to support a finding of negligence on their part. We agree with this contention.
In the instant case the evidence, taken in the light most favorable to the plaintiff, would not support a finding that Pine was known to defendants Telea, Inc., and Telea, Jr., as a vicious or difficult patron. The most that the evidence would indicate was that Pine on occasion was argumentative with other patrons. Other than the singular blow struck against a patron prior to the Vigil beating, there is no evidence to indicate that Pine was prone to engage in violent physical combat with other patrons. Furthermore, the evidence is clear that the incident was over in a few seconds. There is a conflict as to whether Telea, Jr., was behind the bar or outside the lounge at the time the beating took place, but in either event the evidence is clear that Telea, Jr., would not have had opportunity to intervene physically in order to protect Vigil from this beating.
The law governing such situations is set forth in Cubbage v. Leep, 137 Colo. 286, 323 P.2d 1109, wherein it is stated:
"A tavern keeper does not hold himself out to the public as the protector of those who may be patrons of his place of business. * * *
The owner of a place like Cubs Inn owes to his guests or patrons the duty to use ordinary care and diligence to protect them while lawfully on the premises. In the instant case Leep had a right to rely on the implied promise of the proprietor that he would be protected from injury while lawfully on the premises insofar as the Cubbages could protect him by the exercise of reasonable care and diligence.

Reasonable care and diligence is measured by what a person of ordinary prudence would or would not do under the same or similar circumstances." (Emphasis supplied)
As a matter of law, there was insufficient evidence presented to indicate a lack of reasonable diligence on the part of Telea, Inc., or its agent Telea, Jr., toward their patrons. Consequently, the trial court should have granted their motion for a directed verdict at the close of plaintiff's case.
In addition, Pine has argued that the trial court erred in allowing a witness to introduce evidence which purported to show that Pine had vicious and violent propensities. Pine argues that this issue of his nature or disposition was immaterial insofar as the suit against him was concerned, and therefore it was error to admit its introduction. We note, however, that the issue of whether or not Pine was violent or vicious was material insofar as the charge against Telea, Inc., and Telea, Jr., was concerned. Furthermore, no effort was made to have separate trials. The trial court instructed the jury:
"You are instructed that evidence has been offered to show prior transactions or acts in which defendant Pine was involved on the premises of John's Lounge.
Such evidence is to be considered by you only for two limited purposes:
The first of these is whether or not the defendant Pine had violent and vicious propensities.

*871 And if so, the second is whether or not the defendants John F. Telea, Inc. and John F. Telea, Jr., were thereby given or put on notice that Pine had violent and vicious propensities."
Under these circumstances, since the issue of Pine's disposition was of material importance insofar as the suit against two of the defendants was concerned, and since by instruction the jury was limited in its use of this evidence, we find no reversible error present on these grounds.
Another ground of error alleged by defendant Pine is the admission of testimony by the widow of the decedent pertaining to a conversation which took place between the decedent and his widow after he returned home from the bar. We have reviewed this testimony and find nothing in it to indicate that defendant was prejudiced in any manner by its admission. The only statement made by the decedent to his widow admitted into evidence was the deceased's statement concerning a headache he was suffering. Defendant has failed to establish or even allege that this statement prejudiced his rights. Defendant merely asserts that it was hearsay and that it was error to admit it. We find, however, that its admission is harmless error and no reason to reverse on this ground.
Finally, Pine argues that the admission of a police officer's testimony concerning statements made to him prior to trial by one of plaintiff's witnesses was error. We agree that generally it is error to admit evidence of out of court statements by a witness in order to confirm what that witness said upon the stand. This general rule is subject to the exception that where there has been an attempt to impeach that witness by introducing evidence of inconsistent statements he has made, it is permissible to support the witness by offering proof that he made statements after the incident concerned, consistent with the statements made under oath, provided these consistent statements are not offered to prove the truth of the matter asserted. Coates v. People, 106 Colo. 483, 106 P.2d 354. In this matter we note that one of the defendants' witnesses testified that one of plaintiff's witnesses had told her that his testimony was for sale. This would leave a strong implication that the veracity of plaintiff's witness left much to be desired. To counteract this effect, plaintiff introduced the police officer who testified that the statement made by the plaintiff's witness under oath concerning the incident, was consistent with the statement made to him shortly after the incident occurred.
The jury was properly instructed that the police officer's testimony was not to be taken as substantive proof, merely as evidence that the testimony by the witness concerning this incident was consistent with the statement made shortly after the incident occurred. Such evidence merely met the attack upon the witness's credibility launched by defendant, and was not presented for the truth of the contents therein. For this reason, we conclude that this evidence of a prior consistent statement was admissible. Coates, supra.
Interconnected with this argument is the assertion that the trial court erred in permitting this officer to testify as to a statement made by two of defendants' witnesses prior to trial. Basically, these witnesses had stated that there had been no disturbance, and that they were not acquainted with defendant Pine, whereas on the stand their testimony was just the opposite. These matters are relevant and material to the issues in question, and admission of the police officer's testimony as to prior inconsistent statements made by these two witnesses tending to impeach them was not error. Bishop v. People, Colo., 439 P.2d 342.
Judgment against Pine is affirmed; judgment against John F. Telea, Inc., and John F. Telea, Jr., is reversed and cause remanded with directions to dismiss plaintiffs' complaint as to John F. Telea, Inc., and John F. Telea, Jr.
SILVERSTEIN, C. J., and DUFFORD, J., concur.