482 P.2d 402 (1971)
Claudia Joan HILDEBRANDT, Plaintiff in Error,
v.
UNIVERSITY OF DENVER, a corporation, Defendant in Error.
No. 70-508. (Supreme Court No. 23841.)
Colorado Court of Appeals, Div. II.
March 2, 1971.
Myrick, Branney, Frickey & Criswell, Wm. Myrick, Denver, for plaintiff in error.
Yegge, Hall & Evans, James C. Perrill, Denver, for defendant in error.
Not Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
Plaintiff in error Hildebrandt brought action in the trial court against the University of Denver for damages she received while skating at the defendant's ice skating rink. Trial was to a jury but at the conclusion of the plaintiff's case the defendant's motion to dismiss was granted by the court. The trial court ruled that the plaintiff had failed to establish a prima facie case as a matter of law.
Plaintiff asserts two grounds of error: that plaintiff's evidence was sufficient to present a prima facie case against defendant, and that the trial court erred in refusing to admit evidence of prior accidents. We affirm the judgment of the trial court.
The evidence disclosed that plaintiff and a friend, Mary, had frequently skated at defendant's rink. Plaintiff was an experienced and capable skater. On the night in question she and Mary had been skating for about two hours and were preparing to leave the ice when plaintiff was struck from behind by an unidentified skater who was skating backwards. The impact knocked her down and she suffered a broken leg as a result of the accident.
*403 The duty which an owner or person in charge of a business establishment owes to an invitee or business visitor or patron is to exercise reasonable care for his safety, commensurate with the particular circumstances involved. Nettrour v. J. C. Penney Co., 146 Colo. 150, 360 P.2d 964. See Cubbage v. Leep, 137 Colo. 286, 323 P. 2d 1109. He is not an insurer of his patrons' safety. Carr v. Mile High Kennel Club, 125 Colo. 251, 242 P.2d 238.
In order for plaintiff to hold defendant liable for her injuries it was incumbent on her to establish that defendant had failed to perform this duty and that such failure was the proximate cause of her injuries. This she failed to do.
Plaintiff and her friend Mary were the only witnesses who testified to the events surrounding the accident. Plaintiff did not see the skater who hit her until the moment of contact. Mary saw him only three or four seconds sooner. Mary testified that she and plaintiff were skating, "slow, very slow," preparatory to leaving the rink and that the other skater was skating about three times faster than they were. However neither of the witnesses had noticed that skater before the collision and were not aware of any improper skating on his part until he skated backwards into plaintiff.
The testimony showed that the rink had rules against fast or dangerous skating and that two attendants, the customary number, were on duty the night of the accident. There was no showing that the attendants were negligent in performing their duties, nor that the presence of any more attendants would have prevented this particular accident. Plaintiff testified that she had skated at the rink on an average of one night a week and when asked if she had seen any other accidents prior to the time of her accident, January 21, she replied, "I saw one other accident," that winter.
Viewed in the light most favorable to plaintiff (see Nettrour v. J. C. Penney Co., supra) the evidence failed to disclose any actionable negligence on the part of defendant and as stated in Carr v. Mile High Kennel Club, supra,
"There was no real dispute as to the material facts, and when the trial court apparently determined therefrom that the injury was the proximate result of the actions of a third party, it properly withdrew the case from the jury and determined the question as one of law; * *."
As to plaintiff's assertion that the court erred in refusing to admit evidence relative to previous accidents, the record discloses, as quoted above, that plaintiff testified she saw one other accident that winter. She also stated that Mary was with her at the time. When she was asked to describe the accident, defendant objected and the objection was sustained. Plaintiff made no offer of proof as to what was sought to be proven by the rejected evidence or what benefit would be obtained from its admission. We are unable to determine in what way, if any, plaintiff was prejudiced. We cannot hold, therefore, that the exclution of such evidence was error. Rhodig v. Cummings, 160 Colo. 499, 418 P.2d 521.
The judgment is affirimed.
COYTE and ENOCH, JJ., concur.