## No. 22878.

IN THE MATTER OF THE ESTATE OF PALMER J. VADER, DE-
CEASED, GERTRUDE VADER, EXECUTRIX *v.* UNITED STATES
OF AMERICA.

(488 P.2d 59)

Decided August 23, 1971.    Rehearing denied September 13, 1971.

KLINGSMITH, RUSSELL & FRENCH, P. C. KLINGSMITH, for plaintiff in error.

JAMES L. TREECE, United States Attorney, LAWRENCE M. HENRY, United States Attorney, ROBERT E. LONG, Assistant, STEPHEN R. FELSON, Attorney, United States Department of Justice, ALAN S. ROSENTHAL, Attorney, United States Department of Justice, EDWIN L. WEISL, JR., Assistant Attorney General of the United States.

*In Department.*

Opinion by MR. JUSTICE LEE.

THIS writ of error is directed to the entry of judgment in favor of the United States of America, allowing a claim for $5,935 against the estate of Palmer J. Vader, deceased. We affirm the judgment.

The United States filed its claim against the estate of Palmer J. Vader, deceased, to recover the reasonable value of medical services and hospitalization furnished Vader, who was a veteran of World War I, for a non-service-connected disability. The services authorized under 38 U.S.C. §§ 610 and 622 had been provided to Vader on six different applications between January 31, 1963, and April 21, 1965, for a total of 106 days.

Vader's eligibility was established by sworn applications for hospital treatment, which made representations concerning his inability to pay the necessary expenses of his hospitalization.

Each of the application forms submitted by Vader represented that he was unable to defray such necessary expenses. The application forms contained Vader's financial statements in which he listed his assets and liabilities. All six applications showed Vader owned an unencumbered home having a current value of $15,000;

that he owned other property, real and personal, worth from $82,000 to $140,000; and that he had no "ready assets" in the form of "cash, bank deposits, stocks, bonds and investments," except for $2,500 and $900 listed respectively in the 1964 and 1965 applications. However, the record showed that Vader and his wife maintained a joint checking account showing a balance varying from $266 to $3,069 during the relevant periods under consideration; and, further, that the ranching enterprise in which he had a 29.5% partnership interest maintained a checking account with balances fluctuating from $7,624 to in excess of $20,000.

Each application form contained the following oath: "I hereby swear (or affirm) that I am unable to defray the necessary expenses of hospital treatment (Domiciliary care) for which I have applied."

■■ After trial to the court, comprehensive written findings of fact were entered by the court. We find it unnecessary to detail such findings, other than to note the crucial finding "that at all times the deceased [Vader] had ample assets and means to pay his own medical and hospital bills." The record contains ample competent evidence to support the findings of fact and they will not be disturbed on review. *Schneider v. Pinnt*, 173 Colo. 232, 476 P.2d 1004. The court concluded as a matter of law that the government had the same rights as any other propery owner and could maintain actions appropriate to protect and enforce such rights, including the present action, based on implied contract or *quantum meruit*. It thereupon entered judgment that the claim of the United States be allowed.

■ Vader's main argument for reversal is based upon *United States v. Shanks*, 263 F. Supp. 1012. This decision held, as Vader here argues, that the affidavit of a veteran may not be traversed and that the government may not recover the costs of medical expenses and hospitalization, even though the veteran in fact was able to pay the same when incurred. This argument was predicated

upon the language of the statute which provides in part: "For the purposes of section 610(a)(1) * * * of this title, the statement under cath of an applicant on such form as may be prescribed by the Administrator shall be accepted as sufficient evidence of inability to defray necessary expenses." 38 U.S.C. 622.

However, on appeal, the United States Circuit Court of Appeals for the Tenth Circuit held to the contrary in *United States v. Shanks,* 384 F.2d 721, where the court stated as follows:

"* * * Section 610(a) says that the Administrator may furnish hospital services for non-service-connected disabilities if the veteran 'is unable to defray' such expenses. Section 622 says that an application under oath 'shall be accepted as sufficient evidence of' such inability. This means that the V.A. hospital will receive the veteran without investigation of ability to pay. Neither section provides that the services will be without charge if the veteran is able to pay. Absent such a provision, there is no statutory inhibition against the government collecting, after services are rendered, from a veteran able to pay."

Vader acknowledges the rule announced by the circuit court but declares the reasoning to be unsound, urging us to adopt the views set forth in the dissenting opinion. We agree with the majority in *Shanks, supra,* and decline to depart from the construction of the statute therein adopted. We believe the present case is controlled by the *Shanks* decision and that Vader's challenge is without merit.

We are not persuaded by Vader's other arguments and find it unnecessary to discuss them. In our view, they raise policy considerations which are properly legislative and administrative concerns for action by the Congress of the United States or the veterans administration.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE KELLEY and MR. JUSTICE ERICKSON concur.