No. C-62.

Arlene Vigil, Individually and Arlene Vigil, as Administratrix of the Estate of Fred R. Vigil, Deceased *v.* Ernest H. Pine, Jr., John F. Telea, Inc., a Colorado Corporation, and John F. Telea, Jr.

(490 P.2d 934)

Decided November 22, 1971.

WILLIAM LITVAK, for petitioner.

BEN KLEIN, for respondent Ernest H. Pine, Jr.

YEGGE, HALL AND EVANS, WESLEY H. DOAN, for respondents John F. Telea, Inc. and John F. Telea, Jr.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

CERTIORARI was granted in this case to review a judgment of the Colorado Court of Appeals which affirmed a judgment for the plaintiff against defendant Ernest H. Pine, Jr., and reversed the judgment against defendants John F. Telea, Inc. and John F. Telea, Jr. *Pine v. Vigil*, 28 Colo. App. 601, 480 P.2d 868. The action was originally brought against the aforementioned defendants by the plaintiff Arlene Vigil for damages sustained by her as a result of the wrongful death of her husband, Fred R. Vigil. Arlene Vigil, petitioner in this case, will hereinafter be referred to as plaintiff. Defendant Ernest Pine, Jr., will be referred to by name and defendants John F. Telea, Inc. and John F. Telea, Jr., will be referred to as Telea.

The record discloses that on March 6, 1965, plaintiff's husband, Fred Vigil, went to John's Lounge to drink beer and play pool. John's Lounge is a tavern which is solely owned and operated by defendant John Telea. After Vigil entered the lounge, he exchanged words with another patron, defendant Ernest H. Pine, Jr. According to all the evidence, Pine thereupon left his bar stool, struck Vigil, and knocked him to the floor. Pine then took hold of Vigil and beat his head against the cement floor several times. Vigil died several days later as a result of the beating he sustained.

Plaintiff thereafter filed this wrongful death action against both Pine and Telea. In her claim against Telea she alleged that he had negligently operated John's Lounge by continuing to serve alcoholic beverages to Pine even though Pine's violent tendencies were well known or should have been known to Telea. She also alleged that Telea, as owner and operator of a public tavern, had negligently failed to prevent Pine from inflicting fatal injuries upon Vigil.

At a trial before a jury, plaintiff introduced evidence designed to show that Telea knew from previous incidents within John's Lounge that Pine had tendencies to violent conduct in his relationships with other patrons of the establishment. The plaintiff presented testimony that there had been at least three prior altercations between Pine and other customers at John's Lounge, and that during one such occasion Pine had physically struck a patron. This evidence further showed that Telea was present and had observed these previous incidents. In connection with this, there was testimony that just after Pine finished hitting Vigil's head on the floor Telea came to the couch upon which Vigil had been put and said "Not again." Plaintiff also presented testimony that Telea had had an opportunity to physically intervene and protect Vigil from Pine's fatal beating. There was testimony that Telea was behind the bar during the altercation between Vigil and Pine and that Telea could have jumped over the bar and restrained Pine before knocking Vigil's head on the floor.

Telea disputed plaintiff's allegation that he knew Pine was of a violent disposition and that he could have prevented the beating. Telea's witnesses testified that prior to the incident with Vigil, Pine had not conducted himself in a manner within John's Lounge which would have lead Telea to believe that he was a violent or vicious customer. Telea also introduced testimony which indicated that he was outside the bar at the time the beating took place, and further that even if he had been

in the tavern, he would not have had enough time to protect Vigil from Pine.

After Telea rested, the trial court instructed the jury on what both plaintiff and Telea agree was a proper statement of the applicable Colorado law governing the standard of care tavern keepers owe to their patrons. The jury found against all defendants and in favor of the plaintiff in the sum of $11,130.39 plus costs and interest.

The Colorado Court of Appeals affirmed the jury verdict against defendant Pine and that portion of the case which deals directly with him is not in issue here. The Court of Appeals reversed the judgment against Telea and remanded with directions for the trial court to dismiss the plaintiff's complaint against Telea. The Court of Appeals found that the only conclusion which could be drawn from the evidence was that Telea had not known that Pine was a difficult patron and that "Telea would not have had opportunity to intervene physically in order to protect Vigil from this beating." It therefore held, as a matter of law, that there was insufficient evidence presented to indicate a lack of reasonable diligence on the part of Telea to protect his patrons.

The basis of plaintiff's argument before this Court is that the Court of Appeals erred by substituting its judgment for that of the jury on material factual issues involving conflicting evidence. We agree and reverse the judgment of the Court of Appeals as it pertains to defendant Telea.

■ Colorado appellate courts are bound by the jury's findings where there is sufficient competent evidence in the record to support the finding, where the jury makes the finding on conflicting evidence, and where the jury has been correctly instructed by the trial court. *Linley v. Hanson,* 173 Colo. 239, 477 P.2d 453; *Colorado-Wyoming Railway Co. v. Wheelock Bros.,* 155 Colo. 406, 395 P.2d 1. In the case before us, both parties agree that appropriate instructions were given to the jury and it is

clear from the record that the evidence on the material facts was conflicting. The only question, then, which was presented for decision by the Court of Appeals was whether the evidence for the prevailing party, taken in its most favorable light, supported the jury's conclusion that Telea did not exercise reasonable care and diligence to protect his patron Vigil.

■■ Plaintiff presented testimony to the jury which not only indicated that Telea knew of Pine's violent tendencies, but also that Telea had sufficient time and opportunity to physically intervene to protect Vigil. The jury chose to believe this evidence rather than Telea's, and this resolution of the conflicting facts cannot be overturned by a reviewing court as a matter of law. It is the sole province of the jury to resolve disputed issues of fact and its decisions regarding the credibility of witnesses, the weight to be accorded testimony, and the inferences to be drawn from the evidence, are not to be supplanted by the impressions of a reviewing court. *Schneider v. Pinnt,* 173 Colo. 232, 476 P.2d 1004; *Book v. Paddock,* 129 Colo. 84, 267 P.2d 247; *Schell v. Kullhem,* 127 Colo. 555, 259 P.2d 861.

The judgment of the Court of Appeals as it pertains to Telea is reversed and remanded to the Court of Appeals with directions to reinstate the judgment of the trial court.