**BUILD IT AND THEY WILL DRINK, INC., d/b/a Eden Nightclub, and Rodney Owen Beers, Petitioners**

v.

**Michael Alan STRAUCH, Respondent.**

No. 09SC1011.

Supreme Court of Colorado, En Banc.

June 6, 2011.

Harris, Karstaedt, Jamison & Powers, P.C., A. Peter Gregory, Englewood, Colorado, Harris, Karstaedt, Jamison & Powers, P.C., Steven R. Helling, Colorado Springs, Colorado, Attorneys for Petitioner Build It and They Will Drink, Inc., d/b/a Eden Nightclub.

Wills & Adams, LLP, Wm. Andrew Wills, II, John S. Pfeiffer, Colorado Springs, Colorado, Attorneys for Respondent.

Campbell, Latiolais & Ruebel, P.C., Casey A. Quillen, Denver, Colorado, Attorneys for Amicus Curiae Colorado Defense Lawyers Association.

No appearance by or on behalf of Rodney Owen Beers.

Justice MARTINEZ delivered the Opinion of the Court.

## I. Introduction

In this case, we address Colorado's dram-shop-liability statute, section 12–47–801, C.R.S. (2010). The dram-shop statute provides the sole means for someone injured by an intoxicated person to obtain a remedy from the vendor who sold or provided alcohol to the intoxicated person. Section 12–47–801 abolishes any common law cause of action against a vendor of alcohol while simultaneously creating statutory liability for such vendors under narrowly defined circumstances, including when the vendor willfully and knowingly serves alcohol to a visibly intoxicated person.

The petitioners in this case are Build It and They Will Drink ("Build It"), a liquor licensee doing business as Eden Nightclub, and Rodney Beers, the owner of Build It. The respondent Michael Strauch was stabbed by an intoxicated patron of Build It after both Strauch and his assailant attended a New Year's Eve party at Eden Nightclub. The unprovoked stabbing occurred a block-and-a-half away from the nightclub.

Strauch filed a number of claims against Build It, including general negligence and premises liability claims as well as a claim under the dram-shop-liability statute. The trial court dismissed all the claims after determining that the attack was not foreseeable, and that Build It therefore had no duty to insure Strauch's safety once he had left the premises. The court's analysis was rooted in the common law doctrine of foreseeability, which serves as a limit on the extent of liability in the context of general tort claims. The court of appeals reversed only on the dram-shop-liability claim, on the basis that section 12–47–801 does not require or permit consideration of foreseeability in assessing liability under the statute. *Strauch v. Build It and They Will Drink, Inc.*, 226 P.3d 1235, 1238–39 (Colo.App.2009).

We granted certiorari to determine whether reasonable foreseeability, an element derived from a traditional common law negligence action, may be considered in determining whether a vendor of alcohol is liable for injuries caused by intoxicated patrons under the dram-shop-liability statute. Because we agree that under section 12–47–801, it is not necessary or appropriate to consider whether an injury was a foreseeable consequence of the sale or service of alcohol, we affirm the judgment of the court of appeals.

## II. Facts and Proceedings Below

The facts of this case involve a New Year's Eve celebration that went awry when it ended in an unprovoked stabbing by an intoxicated partygoer. On December 31, 2006, Nathan Dickerman and Michael Strauch, who did not know each other, both attended a New Year's Eve party at Eden Nightclub. Dickerman had purchased the VIP admission package, which included complimentary champagne bottles, unlimited bottle service, and access to a VIP room with an unsupervised self-serve bar. In the VIP room, guests were told to mix their own drinks, although there were employees monitoring doorways and checking wristbands. According to testimony of partygoers, patrons at Eden were stumbling into walls, falling down, throwing drinks, vomiting, taking off clothes, and passing out.

By 11:30 p.m., Dickerman was extremely intoxicated, as demonstrated by the fact that he broke a light fixture, yelled at other patrons, and vomited before being escorted out of the club by friends. Despite this behavior, Dickerman was subsequently readmitted to the club.

At 12:45 a.m., Strauch left the club with his date and began walking toward his hotel. When he was a block-and-a-half away from the club, he heard someone, later identified as Dickerman, yelling obscenities. As the yelling got closer, Strauch turned around to discover a knife-wielding Dickerman standing right behind him. As Strauch continued walking quickly toward his hotel, he was

stabbed in the back and in the chest by Dickerman.

Strauch filed a number of claims against Dickerman, Build It, and Beers. Most of the claims filed against Build It and Beers were based on theories of general negligence and premises liability, theories under which liability is limited by the concepts of foreseeability and proximate cause. Additionally, Strauch filed a dram-shop claim under section 12–47–801 on the basis that Build It served alcohol to a visibly intoxicated Dickerman. Build It and Beers filed a motion for summary judgment on all the claims, and the motion was granted on September 18, 2008. In the oral order granting the motion for summary judgment, the trial court focused on the foreseeability of the attack and the extent of Build It's duty to insure the safety of its patrons. The trial court reasoned that going forward with the case would require the court to find that Build It's duty to insure the safety of its patrons required Build It to not only get a patron safely off the premises, but also to "actually escort him home." Additionally, the court discussed the unforeseeability of the attack, distinguishing this case from those where an establishment has notice of incidents occurring in an adjacent parking lot. Because the trial court found that there was no prior notice that an attack would occur a block-and-a-half from the premises, it ruled that Strauch could not succeed on any of his claims against Build It and Beers and granted the motion for summary judgment.

The court of appeals affirmed the grant of summary judgment for all the claims except the statutory claim under section 12–47–801. *Strauch,* 226 P.3d at 1236. The court of appeals held that the common law doctrine of reasonable foreseeability does not apply in actions against alcohol vendors under section 12–47–801, and therefore that the trial court erred by considering whether Build It could have foreseen the attack. *Id.* Because section 12–47–801 expressly abolishes any common law tort action against alcohol vendors, the court concluded that the statute provides the "definitive text" on the subject. *Id.* at 1238. Accordingly, the court of appeals declined "to read an additional element into a statute that already reflects a legislative poli-

cy judgment of when alcohol vendors can and cannot be liable for injuries caused by their intoxicated patrons." *Id.* In its analysis, the court also compared Colorado's dram-shop statute to ones from other states and concluded that Colorado had conspicuously omitted proximate cause as an element. *Id.* The court reversed the grant of summary judgment on the statutory claim and remanded for proceedings on the merits. *Id.* at 1239.

Build It petitioned this court for certiorari to determine whether foreseeability of an injury-causing event is an element, or appropriate consideration in determining liability of a liquor licensee for the sale or service of alcohol under section 12–47–801. In its petition, Build It contends that by removing foreseeability from the analysis, section 12–47–801 becomes a strict liability statute. Furthermore, Build It argues that the court of appeals' interpretation will result in a "Pandora's box of claims by every victim of an intentional crime … where the perpetrator claimed he got drunk at some bar before committing the act." This result, Build It claims, is contrary to the legislative intent to restrict recovery against liquor licensees and will "render licensees a virtual insurer of the safety of all persons visiting its premises."

We granted certiorari to determine whether an injury must be foreseeable to a liquor licensee for liability under the dram-shop statute. Because we conclude that the plain language of section 12–47–801 does not include foreseeability, we decline to read an additional element into the statute. Therefore, we affirm the judgment of the court of appeals.

### III. Analysis

#### a. Standard of Review

 This case requires us to determine whether section 12–47–801 imports reasonable foreseeability into an analysis of liability under the statute. Because the issue is one of statutory interpretation, we review de novo. *Clyncke v. Waneka,* 157 P.3d 1072, 1076 (Colo.2007). In doing so, we strive to give effect to the intent of the legislature. *Id.* at 1077. When determining the intent of the legislature, we first look to the language

of the statute to ascertain its plain meaning. *Golden Animal Hosp. v. Horton,* 897 P.2d 833, 836 (Colo.1995).

### b. The Dram–Shop–Liability Statute

██ Section 12–47–801, also known as the dram-shop-liability statute, provides the exclusive remedy for a plaintiff injured by an intoxicated person against a vendor of alcohol beverages. *Charlton v. Kimata,* 815 P.2d 946, 951 (Colo.1991) (discussing the enactment of section 12–47–128.5, C.R.S. (1986), the predecessor to section 12–47–801). In enacting the statute, the General Assembly expressly abolished any common law cause of action against a vendor of alcohol beverages, making the liability of alcohol vendors "strictly a creature of statute in Colorado." *Id.* at 948–49; § 12–47–801 ("The general assembly hereby finds, determines, and declares that this section shall be interpreted so that any common law cause of action against a vendor of alcohol beverages is abolished. . . .").

██ Section 12–47–801 contains two subsections which are relevant to this case. The first is subsection (1), which includes a legislative declaration that abolishes any common law cause of action and also provides:

[T]hat in certain cases the consumption of alcohol beverages rather than the sale, service, or provision thereof is the proximate cause of injuries or damages inflicted upon another by an intoxicated person except as otherwise provided in this section.

Therefore, subsection (1) establishes the general rule that consumption of alcohol is the proximate cause of a plaintiff's injuries except under the circumstances described later in the statute. Subsection (3)(a) eliminates civil liability for a liquor licensee for any injury or damage "suffered because of the intoxication of any person due to the sale or service of any alcohol beverage to such person," except when:

(I) It is proven that the licensee willfully and knowingly sold or served any alcohol beverage to such person who was under the age of twenty-one years or who was visibly intoxicated.

Thus, subsection (3) provides an exception both to the general rule that consumption of alcohol is the proximate cause of injuries inflicted by an intoxicated person and to the general rule of non-liability for alcohol vendors. Accordingly, liability occurs when a liquor licensee willfully and knowingly serves an underage or visibly intoxicated person and, because of the intoxication, another person suffers an injury. Civil action under section 12–47–801 is further limited by a one year statute of limitations and a liability cap of one hundred fifty thousand dollars.[1] Moreover, the statute explicitly disallows recovery by the person to whom the alcohol beverage was sold or served or by his or her estate, legal guardian, or dependent. The concept of reasonable foreseeability is not explicitly addressed anywhere in the statute.

### c. History of Common Law Dram–Shop Liability in Colorado

In order to fully understand the issue in this case, it is necessary to examine the historical interplay between common law and statutory dram-shop liability in Colorado and the role that the concept of foreseeability has played. At common law neither an intoxicated person nor a person injured by an intoxicated person had a remedy against the provider of the alcohol. *Lyons v. Nasby,* 770 P.2d 1250, 1253 (Colo.1989). The rationale behind the rule was that the consumption of alcohol, rather than the provision of it, was the proximate cause of any injuries suffered. *Sigman v. Seafood Ltd. P'ship,* 817 P.2d 527, 529 (Colo.1991). As such, responsibility was placed entirely on the shoulders of the person who actually consumed the alcohol.[2]

The wisdom of the common law rule was brought into question, however, by "the shift from commingling alcohol and horses to com-

---

1. The statute of limitations for a general tort action is two years. § 13–80–102(1)(a), C.R.S. (2010).

2. Nevertheless, since 1879, Colorado has provided a narrow exception to the common law rule which provides a cause of action for furnishing alcohol to a habitual drunkard after appropriate notice has been given regarding the individual's status as a habitual drunkard. § 13–21–103, C.R.S. (2010); *see also Largo v. Crespin,* 727 P.2d 1098, 1105–07 (Colo.1986).

mingling alcohol and horsepower." *Lyons*, 770 P.2d at 1254. The resulting increase in the severity and number of alcohol-related injuries caused a number of jurisdictions, including Colorado, to reject the traditional common law rule in order to permit negligence actions against vendors of alcohol. *Id.*

The predecessor to section 12–47–801, which is identical to the current statute in all aspects pertinent to our analysis, was enacted on the heels of case law that expanded the liability of an alcohol vendor. In 1986, this court recognized a common law dram-shop action against vendors of alcoholic beverages by third parties injured by intoxicated persons. *Largo v. Crespin*, 727 P.2d 1098, 1103–04 (Colo.1986); *Floyd v. Bartley*, 727 P.2d 1109, 1110 (Colo.1986). We also extended the right to permit first-party recovery by an intoxicated person who injures himself against the vendor that supplied the alcoholic beverages, holding that a tavern owner owes an intoxicated patron a duty of care not to serve that person alcohol. *Lyons*, 770 P.2d at 1254. This now-abolished common law dram-shop action included all the elements of a traditional negligence claim. Accordingly, the plaintiff had to prove that the defendant owed the plaintiff a duty, and that the defendant's breach of that duty proximately caused damage to the plaintiff. *Largo*, 727 P.2d at 1102.

In a traditional negligence claim such as the one we recognized in *Largo*, the concept of foreseeability is central to establishing proximate cause. "Foreseeability is the touchstone of proximate cause," acting as a guidepost to delineate the extent to which a defendant may be held legally responsible for a plaintiff's injury. *Walcott v. Total Petroleum, Inc.*, 964 P.2d 609, 611 (Colo.App.1998). The proximate cause requirement is only satisfied where it is foreseeable that the defendant's negligence "will result in injuries to others and where this negligence is a substantial factor in causing the injuries sustained." *Ekberg v. Greene*, 196 Colo. 494, 497, 588 P.2d 375, 377 (1978). Therefore, so long as it is foreseeable that an injury will occur, a defendant may be liable for the plaintiff's injuries even when the injury is directly produced by the "intentionally tor-tious or criminal act of a third party." *Largo*, 727 P.2d at 1103. The test of foreseeability does not require a defendant "to foresee the exact nature and extent of the injuries or the precise manner in which the injuries occur, but only that *some* injury will likely result in some manner as a consequence of his negligent acts." *HealthONE v. Rodriguez*, 50 P.3d 879, 889 (Colo.2002) (emphasis added).

Our decision to permit a common law action against a liquor licensee was grounded in the concepts of proximate cause and foreseeability. We expressly rejected the old common law rule that the consumption of alcohol is a superseding cause of the injury, breaking the chain of causation between the vendor's conduct and the plaintiff's injuries. *Largo*, 727 P.2d at 1103. Instead, we held that the existence of proximate cause is a question for the jury, permitting a jury to conclude that the sale or service of alcohol was the proximate cause of a plaintiff's injuries. We emphasized the importance of reasonable foreseeability in a proximate cause determination, reiterating that even an "intentionally tortious or criminal act of a third party does not break the causal chain if it is reasonably foreseeable." *Id.* at 1103. Therefore, our decision in *Largo* is a rejection of a per se rule that consumption is always the proximate cause of a plaintiff's injuries and a determination that service of alcohol *may* be the proximate cause of the injuries if the injury-producing conduct is reasonably foreseeable. Furthermore, we concluded that it is both foreseeable and likely that serving an intoxicated person more alcohol than he or she could safely consume would result in injury. *Largo*, 727 P.2d at 1102.

#### d. Analysis of the Current Dram–Shop–Liability Statute

Even as our decisions in *Largo* and *Floyd* expanded an alcohol vendor's liability, we acknowledged that the impact would be short-lived. In 1986, while *Largo* and *Floyd* were pending in our court, the General Assembly responded to the lower appellate court decisions recognizing a common law right of action against vendors of alcohol. As

a result, the General Assembly enacted the predecessor to section 12–47–801, which abolished any common law cause of action against a vendor of alcohol beverages except under the narrow circumstances described in the statute. *Id.* at 1106 n. 3. Thus, the legislature simultaneously abolished one cause of action and created a new one, limiting the scope of liability according to its own terms. Although the express language of the statute abolished the common law actions established in *Largo* and the associated cases, the question we address today is whether liability under section 12–47–801 requires proof that injury was a foreseeable consequence of the sale or service of alcohol.

The plain language of the statute makes no mention of reasonable foreseeability. Nevertheless, the legislative declaration focuses on proximate cause, raising the question of whether liability under the statute requires or allows an independent assessment of foreseeability as part of a proximate cause limitation. Consequently, it is necessary to closely examine the terms of the statute.

Section 12–47–801 begins by not only abolishing any common law cause of action against a vendor of alcohol beverages, but also by reinstating the common law rule that consumption is the proximate cause of injuries inflicted by an intoxicated person. In doing so, "the legislature assigned the legal responsibility for [negligent] acts to [the intoxicated] person even though other causes, i.e., the provision of alcohol, led to the result." *Charlton,* 815 P.2d at 951. Through this language, the legislature has expressly negated our holding as to proximate cause in *Largo,* where we maintained that the provision of alcohol, rather than the consumption, may be the proximate cause of a plaintiff's injuries if the injury was foreseeable.[3]

Nevertheless, the legislature did not completely shield liquor licensees from liability. Instead, the dram-shop statute permits liability under limited circumstances, which are demarcated by a description of the circumstances under which the exception to the reinstated common law rule applies. As it applies to liquor licensees, the statute reads that the consumption, rather than the sale, service, or provision of alcohol is the proximate cause of a plaintiff's injuries, except when a liquor licensee willfully and knowingly serves an underage or visibly intoxicated person. Therefore, it follows logically that when there is a willful and knowing sale of alcohol to a visibly intoxicated person, the sale of alcohol is the proximate cause of the plaintiff's injuries.

Because the criteria for proximate cause has been defined by the statute, the statute, rather than a common law foreseeability analysis, controls in assessing liability under section 12–47–801. Subsection (3) provides the elements that must be proved to establish that a liquor licensee's sale or service of alcohol is the proximate cause of a plaintiff's injuries, and that consequently, the liquor licensee is liable for the plaintiff's injuries. Therefore, a plaintiff filing a dram-shop claim against a liquor licensee must prove that the licensee "willfully and knowingly sold or served" alcohol to an underage or visibly intoxicated patron and that the plaintiff suffered injuries "because of the [patron's] intoxication."

By defining proximate cause in terms of the circumstances under which it exists, the statute has eliminated foreseeability from the proximate cause analysis. Under the common law, proximate cause, and in turn, liability, depended upon a finding that injury was a foreseeable result of the sale. In contrast, under section 12–47–801, proximate cause and liability require only willful, know-

---

**3.** The language of the original bill supports our conclusion that the legislature was particularly focused on overruling the court of appeals' decision, which we subsequently affirmed, regarding proximate cause. The bill in its original form declared that the statute should be interpreted to modify the holdings of *Floyd* and *Largo* "in favor of a finding that in certain cases the consumption of alcoholic beverages, including fermented malt beverages, rather than the sale, service, or provi-

sion thereof is the proximate cause of injuries or damages inflicted upon another by an intoxicated person except as otherwise provided in this section." S.B. 86, 55th Gen. Assemb., 2nd Reg. Sess. (Colo. 1986) (original version). The enacted version of the statute and its current embodiment replace the language about the *Floyd* and *Largo* cases with a broader statement that "any common law cause of action against a vendor of alcohol beverages is abolished."

ing service to a visibly intoxicated person and a plaintiff who is injured because of the intoxication.[4] Our understanding of the statute is consistent with the General Assembly's express intent to abolish the lower court holding that we affirmed in *Largo*, which permitted a finding of proximate cause when injury was a foreseeable consequence of the provision of alcohol.

We decline to read an additional element of foreseeability into the analysis because the legislature has expressly provided the requirements for liability under the statute, and they do not include a requirement that injury was foreseeable by the vendor who served the intoxicated person. Accordingly, sending the question of foreseeability to the jury would contradict the plain language of the statute. So long as there is willful service and injury resulting from intoxication, there is no requirement that the injury be a foreseeable consequence of the sale or service of alcohol.

To the extent that Build It argues that our cases have continued to address foreseeability even after the enactment of section 12–47–801, we note that the case cited for this argument addressed foreseeability not in regards to dram-shop liability under 12–47–801, but in regards to a tavern's general duty to protect patrons on the premises from injury. In *Observatory Corp. v. Daly*, we expressed a lack of concern over the dram-shop claims premised on the tavern's service to a visibly intoxicated person. 780 P.2d 462, 466 (Colo.1989). Instead, we engaged in a lengthy analysis of the role of foreseeability as it relates to a "tavern proprietor's legal duty of care to patrons and other persons legitimately on the tavern premises." *Id.* at 467; *see also Vigil v. Pine*, 176 Colo. 384,

388, 490 P.2d 934, 936 (1971) (addressing whether tavern owner should not serve person known to have violent tendencies); *Cubbage v. Leep*, 137 Colo. 286, 289 323 P.2d 1109, 1110 (1958) (noting that there was no evidence that any party was intoxicated in case about tavern owner's duty to protect patrons). Although we concluded that a tavern proprietor is not "a virtual insurer of the safety of all persons legitimately on its premises," this determination was completely separate from the tavern's well-established duty "not to serve alcoholic beverages to a visibly intoxicated patron."[5] *Id.* at 466, 469, 323 P.2d 1109. Therefore, because we are not presented with an issue of general premises liability in the present case, the foreseeability analysis presented in *Observatory* is irrelevant to our discussion of dram-shop liability.

Our understanding that foreseeability is not an element or appropriate consideration under section 12–47–801 does not transform the statute into a strict liability statute. Liability under section 12–47–801 turns on proof that the liquor licensee "willfully and knowingly" served a visibly intoxicated person. As a result, liability depends on a finding that the liquor licensee had a particular mental state. In fact, this standard requires proof of a relatively high level of fault, because it turns on the licensee having actual knowledge of the patron's intoxicated state and willfully serving alcohol to the person anyway. It would not be enough that the licensee "should have known" that the person was visibly intoxicated. In addition to the high level of fault required, the cap on liability and the limited period for filing a claim will prevent a landslide of claims against vendors of alcohol beverages.

---

**4.** Build It argues that in *Sigman* we used language implying that a proximate cause determination is still necessary under the statute. In that case, while addressing an argument that the statute was void for vagueness, we stated that "Under subsection (3)(a)(I), the sale or service of alcoholic beverages by a vendor *may* be the proximate cause of injuries inflicted on a third party by an intoxicated patron if the vendor 'willfully and knowingly' sold or served any liquor to a minor or to a patron 'who was visibly intoxicated.'" *Sigman*, 817 P.2d at 531–32 (emphasis added). The statement in question, however, was dicta, and our use of the word "may" in-

stead of the word "is" does not amount to a judicial holding that proximate cause remains a question for the jury. Furthermore, such a holding would be in contravention to the plain language of the statute, which only uses the word "is" when defining proximate cause in a dram-shop case.

**5.** The trial court's foreseeability analysis appears to come from the language in the *Observatory* case discussing the tavern owner's general duty to protect persons legitimately on the premises.

### IV. Conclusion

For the reasons stated above, we affirm the judgment of the court of appeals.