Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
September 10, 2018

**2018 CO 69**

**No. 17SC15, Przekurat v. Torres, —Statutory Construction—Colorado Dram Shop Act.**

The supreme court affirms the judgment of the court of appeals. The supreme court holds that, under the plain language of section 12-47-801(4)(a), a social host who provides a place to drink alcohol must have actual knowledge that a specific guest is underage to be held liable for any damage or injury caused by that underage guest.

**2018 CO 69**

**Supreme Court Case No. 17SC15**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 15CA1327

**Petitioner:**

Jared J. Przekurat, by and through his parent, Co-Guardian, Co-Conservator and next friend, Jerome Przekurat,

v.

**Respondents:**

Christopher Torres, Samuel S. Stimson, Peter Stimson, and Mitchell Davis.

**Judgment Affirmed**
*en banc*
September 10, 2018

**Attorneys for Petitioner:**
Ciccarelli & Associates, P.C.
A. Troy Ciccarelli
    *Littleton, Colorado*

The Fowler Law Firm, LLC
Timms R. Fowler
    *Fort Collins, Colorado*

**Attorneys for Respondent Christopher Torres:**
Hall & Evans, L.L.C.
Alan Epstein
    *Denver, Colorado*

Ray Lego & Associates
Thomas E. Hames

*Greenwood Village, Colorado*

**Attorneys for Respondents Samuel S. Stimson and Peter Stimson:**
The Prendergast Law Firm P.C.
Paul Prendergast
    *Littleton, Colorado*

**Attorneys for Respondent Mitchell Davis:**
Campbell, Latiolais & Averbach, LLC
Colin C. Campbell
    *Greenwood Village, Colorado*

**Attorneys for Amicus Curiae Colorado Defense Lawyers Association:**
Ruebel & Quillen, LLC
Julia L. Stamski
Jeffrey Ruebel
    *Westminster, Colorado*

**Attorneys for Amicus Curiae Colorado Trial Lawyers Association:**
Burg Simpson Eldredge Hersh Jardine, PC
Jessica L. Derakhshanian
Nelson Boyle
    *Englewood, Colorado*

**JUSTICE HART** delivered the Opinion of the Court.

¶1    Does Colorado's dram-shop liability statute require a social host who provides a place to drink alcohol to have actual knowledge that a specific guest is underage to be held liable for any damage or injury caused by that underage guest?  Concluding that the plain language of the statute is unambiguous, we hold today that it does.

## I.  Facts and Procedural History

¶2    One night in June 2011, Defendants Mitchell Davis, Samuel Stimson, Peter Stimson, and Christopher Torres threw a party at a house they were renting in Boulder to celebrate one defendant's birthday and another's college graduation.  They invited a number of people, and information about the party was posted on social media.  Between 20 and 120 guests attended at various points throughout the evening.  Not all who came to the party had been specifically invited by the defendants.  Some heard about it from other party-goers.  Some guests may have brought their own alcohol, but alcohol was provided by the party hosts as well.

¶3    Plaintiff Jared Prezkurat and Hank Sieck went to the party that night with Victor Mejia.  Mejia had heard about the party through a friend, Robert Fix, who knew the defendants and helped plan the party.  Sieck was twenty-years old.  None of the defendants knew Sieck before that night.  During the party, the only interaction that any of the defendants may have had with Sieck was a brief encounter when defendant Torres greeted Mejia and others, saying to Mejia, "I don't really know these other people, but I know you."  Sieck, for his part, does not recall meeting Torres.  There is no evidence in the record that any of the defendants were aware that Sieck was underage.

3

¶4     Sieck drank both beer and hard alcohol at the party. Around 2 a.m., Sieck, Mejia, and Przekurat left the party in Przekurat's car. Sieck drove, at times going more than one-hundred miles per hour. He lost control of the car and drove into a ditch, rolling the car several times. Przekurat was thrown from the vehicle and suffered severe, life-altering injuries.

¶5     Przekurat's father sued the defendant hosts on behalf of his son, alleging in pertinent part that they knowingly provided a place for Sieck, an underage person, to drink alcohol, and that they thus should be liable under section 12-47-801, C.R.S. (2017) ("Dram Shop Act"),[1] for the damages that resulted from Sieck's actions. All four defendants moved for summary judgment on the ground that there was no evidence to show that any of them actually knew that Sieck was drinking at their house or that he was underage. In response, Przekurat argued that constructive knowledge was sufficient to establish social-host liability under the Dram Shop Act, and that since defendants provided alcohol without restriction and there were many underage drinkers at the party, there was sufficient evidence of constructive knowledge. The district court granted summary judgment in favor of all four defendant hosts, concluding that a social host must actually know that a person is underage in order to impose liability under the Dram Shop Act, and finding that there was no evidence that

[1] In 2018, the General Assembly relocated this section with minimal changes that are not pertinent to our analysis to section 44-3-801 as part of a new Title 44 of the Colorado Revised Statute. Ch. 152, sec. 2, § 44-3-801, 2018 Colo. Sess. Laws 949, 1047–49.

any of the defendants had actual knowledge of Sieck's presence at their party or of his age.

¶6     On appeal, a division of the court of appeals agreed with the district court that the language of the Dram Shop Act clearly and unambiguously requires that a social host must have actual knowledge that a person is underage in order to impose liability for that person's actions.

¶7     Przekurat petitioned for certiorari asking this court to determine whether section 12-47-801(4)(a)(I) requires that a social host have actual knowledge of a person's underage status, or whether constructive knowledge is sufficient to impose liability.[2] We conclude that the plain language of the Dram Shop Act requires actual knowledge, and thus affirm the judgment.

## II.  Analysis

### A.  Standard of Review and Canons of Construction

¶8     We review de novo questions of statutory interpretation such as this one.  Build It and They Will Drink, Inc. v. Strauch, 253 P.3d 302, 304 (Colo. 2011) (citing Clyncke v.

_____

[2] We granted certiorari to review the following issue:

1. Whether the court of appeals negated the duty imposed by H.B. 05-1183 (C.R.S. § 12-47-801(4)(a)(I)) upon social hosts not to provide "a place" for underage drinking where the hosts threw a party and opened the venue to anyone of any age by requiring "actual knowledge" of a specific guest's age.

The petition for certiorari did not raise whether summary judgment was properly granted given the undisputed facts presented, so we do not address that issue now.

5

_Waneka_, 157 P.3d 1072, 1076 (Colo. 2007)).  Our fundamental duty in so doing is "to give effect to the intent of the General Assembly," looking first to the plain language of the statute to ascertain its meaning.  Id. at 304–05.  We afford the words in the statute their "plain and ordinary meaning," _Clyncke_, 157 P.3d at 1077 (citing _Golden Animal Hosp. v. Horton_, 897 P.2d 833, 836 (Colo. 1995)), seeking to give "consistent and harmonious effect" to all the language of the statute, _Colo. Common Cause v. Meyer_, 758 P.2d 153, 161 (Colo. 1988).  Where the legislature has used the "same words or phrases in different parts of a statute," we ascribe a consistent meaning to those words unless there is a "manifest indication to the contrary."  Id.  If the language is "plain and clear," then we apply the statute "as written."  _Clyncke_, 157 P.3d at 1077 (citing _Colo. Water Conservation Bd. v. Upper Gunnison River Water Conservancy Dist._, 109 P.3d 585, 593 (Colo. 2005)).

### B.  The Dram Shop Act's Social Host Provision

¶9     The Dram Shop Act "provides the exclusive remedy for a plaintiff injured by an intoxicated person against a vendor of alcohol beverages."  _Build It_, 253 P.3d at 305.  In passing the Dram Shop Act, the General Assembly noted that "the consumption of alcohol beverages . . . is the proximate cause of injuries or damages inflicted upon another by an intoxicated person except as otherwise provided in this section." § 12-47-801(1), C.R.S. (2017).  The Dram Shop Act limits a vendor's or social host's liability for damage caused by an intoxicated person to the specific circumstances defined in the statute.  Prior to 2005, the statute provided that a social host was only liable for the injuries caused by an intoxicated underage person if the host "willfully

6

and knowingly served" any alcoholic beverages to that person. § 12-47-801, C.R.S. (2004). In 2005, the General Assembly amended the law by eliminating the requirement of willfulness and expanding liability to social hosts who not only knowingly serve underage drinkers, but also knowingly provide a place for underage drinking. Ch. 282, sec. 6, § 12-47-801, 2005 Colo. Sess. Laws 1244–45. The new text of the statute provides:

> No social host who furnishes any alcohol beverage is civilly liable to any injured individual or his or her estate for any injury to such individual or damage to any property suffered . . . because of the intoxication of any person due to the consumption of such alcohol beverages, except when:
>
> (I) It is proven that the social host . . . <u>knowingly</u> provided the person under the age of twenty-one a place to consume an alcoholic beverage . . . .

§ 12-47-801(4)(a), C.R.S. (2017) (emphasis added).

¶10  Przekurat makes two arguments as to why this provision does not require a social host to have actual knowledge of a specific person's underage status to be liable for that underage person's actions. First, Przekurat argues that "knowingly" in the social-host provision only requires knowledge about the provision of the space and not about the age of the person. Second, Przekurat urges us to construe the language of the statute to impose liability on a social host who has only constructive knowledge—or, who should have known—that a particular individual was under the age of twenty-one when providing a place for them to consume alcohol. In so doing, Przekurat argues that the General Assembly intended to expand liability under the statute to cover this sort of situation when it amended the statute in 2005. The plain language of the amended statute cannot hold the meanings Przekurat ascribes to it.

7

## C. The Word "Knowingly" Applies to the Age of the Underage Person

¶11     In interpreting the social host provision of the Dram Shop Act, we must first determine what "knowingly" modifies—does it only apply to the provision of a place, or does it also apply to the age of the underage drinker?  Przekurat argues for the former, whereas the defendant hosts argue that it applies to the latter as well.  The court of appeals, relying on Dickman v. Jackalope, Inc., 870 P.2d 1261 (Colo. App. 1994), held that the plain language of the statute indicates that "knowingly" applies to all elements of liability under the statute.  We agree.

¶12     In Dickman, the court of appeals was faced with whether the phrase "willfully and knowingly" in the Dram Shop Act's subsection on liquor-licensee liability—then section 12-47-801(4)(a)—applied only to the licensee's mental state regarding the sale or service of alcohol or whether it also applied to his or her knowledge of the person's age. Id. at 1262.  The injured plaintiff in that case argued that it only applied to the sale or service of the alcohol, and not to the age of the underage drinker.  Id.  The court of appeals disagreed, noting that the plaintiff's interpretation would "render the 'willful and knowing' language meaningless since it is difficult to imagine any sales or service of alcohol by a licensee which are not deliberate."  Id.

¶13     Although Dickman dealt with a different portion of the Dram Shop Act than we are faced with today, we agree that the court of appeals correctly determined by analogy that the "mens rea"—here, "knowingly"—applies to both portions of the "actus reus"—in this case, to both the provision of the space for alcohol consumption and the

8

age of the specific underage drinker. Of course, the provision of a place to provide for consumption of alcohol must be done knowingly, as it is difficult to conceive how a social host could unknowingly provide a place for alcohol consumption and still be considered a social host. To conclude that "knowingly" only modifies the act of providing the space would thus make that word superfluous in the statutory scheme. And we see no reason to conclude that the mental state would apply to the age of the person under section 12-47-801(3)(a)(I), as the court of appeals correctly concluded that it did in <u>Dickman</u>, but that it would not apply in the parallel provisions of section 12-47-801(4)(a).

¶14 Przekurat argues that the elimination of the word "willfully" from section 12-47-801(4)(a)(I) eliminates the mens rea requirement as it applies to a social host's knowledge of the age of a specific drinker. We are not persuaded. We must presume that the General Assembly was aware of <u>Dickman</u>'s holding that the mens rea requirement applies to the age of the underage drinker when it amended the statute in 2005. <u>See</u> <u>Specialty Restaurants Corp. v. Nelson</u>, 231 P.3d 393, 403 (Colo. 2010) (citing <u>Vaughan v. McMinn</u>, 945 P.2d 404, 409 (Colo. 1997)) ("The [General Assembly] is presumed to be aware of the judicial precedent in an area of law when it legislates in that area [and] is presumed to adopt the construction which prior judicial decisions have placed on particular language when such language is employed in subsequent legislation."). If the General Assembly had wished to supersede that holding, it could have changed the syntax or added explicit language to clarify that the mens rea requirement only applies to the provision of alcohol or a space to consume it in the

9

social host provision. It did neither, and we are not convinced that in deleting "willfully" the General Assembly evinced an intent to limit the mens rea of "knowingly" to only the provision of alcohol or a place to consume alcohol.[3]

## D. The Word "Knowingly" Requires Actual Knowledge

¶15 Having resolved that the statutory mens rea applies to both elements of the social-host section of the Dram Shop Act, we must next determine what "knowingly" means—does it require that the social host have actual knowledge of the specific underage person's age in order to attach liability, or does constructive knowledge suffice? Affording "knowingly" its "plain and ordinary meaning," Clyncke, 157 P.3d at 1077, we conclude that actual knowledge is required. When the General Assembly imposes a constructive knowledge requirement, it typically provides that a person

---

[3] Our conclusion is grounded in the plain language of the statute. We note, however, that it is corroborated by legislative history, which indicates that this word was struck in order to avoid the potential of a defendant's homeowner's insurance company denying coverage of an intentional tort. Before the House Judiciary Committee, a representative of the Colorado Trial Lawyers Association explained the reasoning behind this change:

> The amendment that is being proposed is to strike the words "willfully and" from the language in the social host aspect of the bill. And, the singular purpose of this [deletion] is to allow the parent or the elder brother or someone like that [who] supplies [the] keg to have access to homeowners insurance, [as] the word 'willfully' takes it out of the purview of the insurance. So if the insurance is not applicable then the victim would have, in many instances, no access to any monetary award at the hands of the jury. [T]his simply makes it so it is not an intentional tort, that [it] can be less than intentional. The knowingly remains.

Hearing on H.B. 1183 before the H. Judiciary Comm., 65th Gen. Assemb., 1st Reg. Sess. (Feb. 17, 2005) (emphasis added).

"should have known" of a particular thing. See, e.g., § 13-21-115(3)(c)(I), C.R.S. (2017) (imposing premises liability on a landowner who unreasonably fails to protect against dangers of "which he actually knew or should have known"). Statutory interpretation in Colorado has consistently construed the words "know" or "knowingly" without that qualifying "should have known" to require actual knowledge. See State ex rel. Suthers v. Mandatory Poster Agency, Inc., 260 P.3d 9, 14 (Colo. App. 2009) (interpreting "knowingly" in one portion of the Colorado Consumer Protection Act to require actual knowledge while noting that other portions of the CCPA provide liability when the person "knows or should know" they are making a misrepresentation); cf. People v. Coleby, 34 P.3d 422, 424 (Colo. 2001) (holding that a criminal statute that required an "actual knowledge" mental state as to one element of the crime imposed a "knowingly" mens rea to all elements of that crime). Unsurprisingly, Przekurat has been unable to point to any other situation in which we have construed the word "knowingly"—standing alone—to allow for constructive knowledge.

¶16    Our interpretation is also consistent with prior decisions in which the word "knowingly" has been interpreted in other sections of the Dram Shop Act to require actual knowledge. In Build It, for instance, we were asked to determine whether the Dram Shop Act required an analysis of reasonable foreseeability in determining the liability of a liquor licensee under then section 12-47-801(3)(a). 253 P.3d at 304. We concluded that under the plain language of that section, foreseeability was not an additional element or consideration. Id. at 308. In so doing, we noted that the word "knowingly" connoted a requirement of actual knowledge:

11

> Liability under section 12-47-801 turns on proof that the liquor licensee "willfully and knowingly" served a visibly intoxicated person. As a result, liability depends on a finding that the liquor licensee had a particular mental state. In fact, this standard requires proof of a relatively high level of fault, because it turns on the licensee having actual knowledge of the patron's intoxicated state and willfully serving alcohol to the person anyway. It would not be enough that the licensee "should have known" that the person was visibly intoxicated.

Id. (emphases added). We do not see any "manifest indication," Meyer, 758 P.2d at 161, that the General Assembly intended the word "knowingly" to mean actual knowledge under section 12-47-801(3)(a) and constructive knowledge under section 12-47-801(4)(a).

¶17 We therefore conclude that "knowingly" requires actual knowledge of the age of the underage drinker. In so doing, we note that we are not persuaded by Przekurat that the General Assembly's deletion of "willfully" from the social-host provision in 2005 changed the meaning of "knowingly" to allow for constructive knowledge. Affording these terms their plain and ordinary meanings, there is a clear distinction: "knowingly" refers to one's awareness of objective facts, while "willfully" pertains to one's subjective intent to act on—or in spite of—that awareness. We are not convinced that in deleting the word "willfully" from the social-host provision the legislature intended to lower the level of knowledge that a social host must have of the underage drinker's age to be liable.

¶18 Because we base our conclusion on the clear and unambiguous language of the statute, we do not reach Przekurat's arguments that the legislative history of the 2005 amendment demonstrates that the General Assembly intended to expand liability to cover circumstances like those presented here. This is not to turn a blind eye to the vital

policy considerations implicated by this situation. Underage drinking in Colorado is a serious problem that merits close attention by the legislature. As voiced by Przekurat throughout this case, there may be strong policy arguments in favor of imposing liability on social hosts who should have reason to know that they are providing a place for underage drinking. Such policy considerations, however, are for the General Assembly to weigh. The statute, as written, does not impose such liability.

### III. Conclusion

¶19     We thus hold that the plain language of section 12-47-801(4)(a) requires that a social host have actual knowledge of an underage guest's age in order to be liable for injury or damages resulting from that guest's intoxication. We affirm the judgment of the court of appeals.