The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
October 3, 2024

## 2024COA109

**No. 24CA0451, *Said v. Magdy* — No. 24CA0451, *Said v. Magdy* — Courts and Court Procedure — Action Involving Exercise of Constitutional Rights — Anti-SLAPP — Special Motion to Dismiss; Civil Procedure — Motion for Reconsideration — Motions for Post-Trial Relief; Appeals — Time for Filing Notice of Appeal — Tolling**

A division of the court of appeals holds that, if timely filed, a motion for reconsideration of an order denying a special motion to dismiss under the anti-SLAPP statute, section 13-20-1101, C.R.S. 2024, is properly construed as a C.R.C.P. 59 motion that tolls the time for filing a notice of appeal because the trial court's order, though not final, is nevertheless appealable as required by C.R.C.P. 54, 58, and 59.

Court of Appeals No. 24CA0451
Arapahoe County District Court No. 23CV31428
Honorable Thomas W. Henderson, Judge

Said M. Said,

Plaintiff-Appellee,

v.

Mohamed Magdy, M.D.,

Defendant-Appellant.

MOTION DENIED

Division A
Order by JUDGE HARRIS
Schutz and Lum, JJ., concur

Announced October 3, 2024

Conduit Law, LLC, Elliot A. Singer, Denver, Colorado, for Plaintiff-Appellee

The Paul Wilkinson Law Firm LLC, Nelson Boyle, Denver, Colorado, for Defendant-Appellant

¶ 1　　Section 13-20-1101, C.R.S. 2024, colloquially known as the anti-SLAPP statute ("SLAPP" is an acronym for "strategic lawsuit against public participation," *Salazar v. Pub. Tr. Inst.*, 2022 COA 109M, ¶ 1 n.1), requires early dismissal of any claim arising from conduct protected by the First Amendment that involves a public issue, unless the plaintiff establishes a reasonable likelihood of prevailing on the claim. § 13-20-1101(3)(a). An order granting or denying a statutory "special motion to dismiss" is immediately appealable to the court of appeals. § 13-20-1101(7); *see also* § 13-4-102.2, C.R.S. 2024. The notice of appeal must be filed within forty-nine days after entry of the order on the special motion to dismiss. *See* C.A.R. 4(a)(1).

¶ 2　　As a preliminary jurisdictional matter, we must resolve whether a motion for reconsideration of an order denying a special motion to dismiss, which did not cite either C.R.C.P. 59 or C.R.C.P. 121, section 1-15(11), tolled the time for filing a notice of appeal.

¶ 3　　We conclude that the motion for reconsideration is properly construed as a Rule 59 motion that tolls the deadline for filing a notice of appeal under the anti-SLAPP statute. And because the notice of appeal was filed within forty-nine days after entry of the

1

order denying the motion for reconsideration, the notice of appeal was timely.  Accordingly, we deny the motion to dismiss this appeal.

## I.    Background

¶ 4    Plaintiff, Said M. Said, filed a defamation action against his wife's ex-husband, defendant, Mohamed Magdy, alleging that Magdy had falsely accused him of committing criminal conduct.  Magdy denied the allegations and filed a special motion to dismiss the complaint under section 13-20-1101.  The district court denied the motion on December 29, 2023.  Fourteen days later, Magdy filed a motion for reconsideration.  The district court denied that motion, too, and thirty days later, on March 20, 2024, Magdy filed a notice of appeal in this court, seeking review of the order denying his special motion to dismiss.

¶ 5    Said moves to dismiss the appeal as untimely, arguing that the notice of appeal was not filed within forty-nine days of the denial of the motion to dismiss.

¶ 6    In response, Magdy argues that the motion for reconsideration was effectively a Rule 59 motion that tolled the time for filing the notice of appeal.  And, he asserts, because the notice was filed

within forty-nine days of the order denying his motion for reconsideration, it was timely.

¶ 7     Alternatively, Magdy argues that even if the notice was untimely, the late filing was attributable to excusable neglect, and, therefore, we should accept the notice out of time. *See* C.A.R. 4(a)(4) ("Upon a showing of excusable neglect, the appellate court may extend the time to file the notice of appeal for a period not to exceed 35 days . . . .").

## II.     Analysis

¶ 8     As noted, subject to an exception inapplicable here, a notice of appeal in a civil case must be filed "within 49 days after entry of the judgment, decree, or order being appealed." C.A.R. 4(a)(1). But as Said acknowledges, a timely filed Rule 59 motion (i.e., one filed within fourteen days of the order or judgment) tolls the deadline for filing a notice of appeal. *See* C.A.R. 4(a)(4) ("The running of the time for filing a notice of appeal is terminated as to all parties when any party timely files a motion in the lower court pursuant to C.R.C.P. 59" and recommences on entry of a timely order disposing of the motion or the expiration of the time for ruling on the motion under

C.R.C.P. 59(j).); C.R.C.P. 59(j) (after sixty-three days of its filing, any post-trial motion that has not been decided is deemed denied).

¶ 9 Said argues, though, that Magdy's motion for reconsideration, while filed within fourteen days of the court's order denying the motion to dismiss, cannot properly be construed as a Rule 59 motion. According to Said, Rule 59 applies only to "post-trial" motions for relief from a final judgment, and here, because no trial has yet occurred, the order is nonfinal and therefore not subject to a Rule 59 motion. We disagree.

¶ 10 As an initial matter, our case law makes clear that a motion for reconsideration can qualify as a Rule 59 motion even if it does not cite Rule 59, *Cuevas v. Pub. Serv. Co. of Colo.*, 2023 COA 64M, ¶ 13 ("[M]otions to reconsider need not cite or reference C.R.C.P. 59 to be recognized as falling within its purview.") (*cert. granted on other grounds* July 1, 2024), and even if no trial is held, *see, e.g.*, *Spiremedia Inc. v. Wozniak*, 2020 COA 10, ¶ 18 (concluding that a "motion to reconsider" an order dismissing a case without prejudice was a Rule 59 motion); *Bowlen v. Fed. Deposit Ins. Corp.*, 815 P.2d 1013, 1015 (Colo. App. 1991) (concluding that a motion to

reconsider an order granting summary judgment was a Rule 59 motion).

¶ 11     And contrary to Said's position, we conclude that Rule 59 applies to motions seeking relief from orders that, while not "final" in the sense that they resolve all claims as to all parties, *see Wilson v. Kennedy*, 2020 COA 122, ¶ 7 (explaining finality of judgments), are nevertheless appealable pursuant to a statute or rule.

¶ 12     Rule 59(a) provides, in relevant part, that "[w]ithin 14 days of entry of judgment as provided in C.R.C.P. 58 . . . a party may move for post-trial relief."  Thus, the rule authorizes a post-trial motion whenever a "judgment" is entered under Rule 58.  A "judgment" for purposes of Rule 58 "includes an appealable decree or order as set forth in C.R.C.P. 54(a)."  Rule 54(a), in turn, defines a "judgment" to include "a decree and order to or from which an appeal lies."

¶ 13     So a "judgment" need not be "final" to be subject to a post-trial motion.  Instead, Rules 54, 58, and 59 require that an order or judgment be "appealable."  And while finality is generally a prerequisite to appealability, *see Ditirro v. Sando*, 2022 COA 94, ¶ 24, the rule is subject to various exceptions, *see, e.g.*, § 13-22-228(1)(a)-(b), C.R.S. 2024 (authorizing an appeal of an order

5

denying a motion to compel arbitration or an order granting a motion to stay arbitration); § 24-10-108, C.R.S. 2024 (authorizing an appeal of an order denying a public entity's motion to dismiss based on sovereign immunity); C.A.R. 1(a)(3) (authorizing an appeal of an order granting or denying a temporary injunction); *Feigin v. Alexa Grp., Ltd.*, 19 P.3d 23, 26 (Colo. 2001) (authorizing an appeal of an order denying a motion to intervene as a matter of right under C.R.C.P. 24(a)).[1] Section 13-20-1101(7) creates such an exception in this case, allowing an appeal from an otherwise nonfinal order denying a special motion to dismiss.

¶ 14    Moreover, the relief requested in Magdy's motion for reconsideration "fits squarely within" Rule 59. *Spiremedia*, ¶ 18. The motion sought amendment of the district court's findings and of the judgment. *See* C.R.C.P. 59(a)(3), (4).

¶ 15    For these reasons, we disagree that the motion for reconsideration constituted a motion under C.R.C.P. 121, section

---

[1] In *Przekurat v. Torres*, 2016 COA 177, ¶ 53, *aff'd*, 2018 CO 69, the division determined that a C.R.C.P. 59 motion may be filed only in response to a "final order or judgment, not a non-final or interlocutory order or judgment." But we understand the division's statement, when read in context, to mean that Rule 59 applies only to appealable orders.

1-15(11), which does not toll the time for filing a notice of appeal. Rule 121, section 1-15(11) applies to "[m]otions to reconsider interlocutory orders of the court . . . other than those governed by C.R.C.P. 59 or 60." Because Magdy sought relief from an *appealable* interlocutory order, the motion to reconsider was properly "governed by C.R.C.P. 59." *Id.*

### III. Disposition

¶ 16    The motion to dismiss the appeal is denied.[2]

JUDGE SCHUTZ and JUDGE LUM concur.

---

[2] In light of our disposition, we need not consider Magdy's alternative request that we extend the time for filing the notice of appeal based on excusable neglect.