24CA1179 Lynne v Feyen 07-31-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1179
Larimer County District Court No. 22CV30685
Honorable Gregory M. Lammons, Judge

Stacy Lynne,

Plaintiff-Appellant,

v.

John Feyen,

Defendant-Appellee.

JUDGMENT AND ORDER AFFIRMED

Division II
Opinion by JUDGE BERNARD
Fox and Harris, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 31, 2025

Stacy Lynne, Pro Se

Foster Graham Milstein & Calisher, LLP, Chip G. Schoneberger, Julie M.
Behrman, Denver, Colorado, for Defendant-Appellee

¶ 1    Plaintiff, Stacy Lynne, appeals two things: the trial court's judgment and one of its post-judgment orders. First, the court granted a summary judgment motion filed by defendant, John Feyen. In doing so, it denied Lynne's motion for summary judgment as moot, and it dismissed this case. Second, the court denied Lynne's motion. We affirm.

## I.    Background

¶ 2    The history of this case spans more than a decade. Feyen was a law enforcement officer in Larimer County when he first crossed paths with Lynne in 2010, and he later was elected as Larimer County's Sheriff.

¶ 3    In December 2010, Feyen put a tracking device on Lynne's car because he suspected she had violated a child custody order, and he hoped she would lead him to the missing child. He claimed he never activated the device.

¶ 4    Feyen eventually arrested Lynne for violating the custody order. She spent a short time in jail.

¶ 5    Lynne found the device on her car several months later. She sued Feyen in federal court for putting the device on her car, but the court dismissed her case on procedural grounds.

1

¶ 6　　In 2022, while attending a town hall to promote his candidacy for Larimer County Sheriff, someone asked Feyen if he had ever been sued for constitutional violations.  Answering that he had been sued, he described Lynne's case, leaving out her name and the child's name.

¶ 7　　Some people started an internet campaign opposing his candidacy.  In response, he wrote a Facebook post naming Lynne as the person who had sued him.

¶ 8　　A short time later, Lynne filed this case.  She sued Feyen for defamation and for intentional infliction of emotional distress based on the statements he had made during the town hall and in the Facebook post.

¶ 9　　Relying on section 13-20-1101(1)(a), C.R.S. 2024, Feyen asked the trial court — then the Honorable Joseph Findley — to dismiss both claims.  Judge Findley partially granted the special motion to dismiss, dismissing the claim for intentional infliction of emotional distress.

¶ 10　　Several months later, Feyen filed a summary judgment motion, asking the court to dismiss the remaining defamation claim.  Lynne also filed a motion for summary judgment.

¶ 11     By then, a new judge, the Honorable Gregory Lammons, was presiding over this case.  Judge Lammons granted Feyen's motion for summary judgment.  At the end of his order, Judge Lammons wrote:

> [Feyen's] Motion for summary judgment is granted.
>
> [Lynne's] claims are dismissed.
>
> All other pending motions are moot.
>
> The court dismisses the case.

¶ 12     Lynne filed two additional motions.  The first was a C.R.C.P. 59(a) motion, which argued that Judge Lammons should have expressly ruled on her summary judgment motion.  In the second, she asked Judge Lammons to recuse himself.

¶ 13     Judge Lammons denied both additional motions.  In his order, he noted that (1) his order granting Feyen's motion for summary judgment disposed of the case; (2) Lynne's motion for summary judgment was dismissed when he dismissed the case; (3) Lynne requested relief that was not available under C.R.C.P. 59; and (4) Lynne had not described a sufficient factual basis justifying his recusal.

## II.     Analysis

### A.     Jurisdiction

¶ 14     Both Lynne and Feyen assert that we do not have jurisdiction over this appeal.  We will address Lynne's assertion first, then turn to Feyen's.

#### 1.     Lynne's Jurisdictional Contention

¶ 15     Lynne asserts we lack jurisdiction for two reasons: (1) Judge Lammons "refuse[d] to issue a ruling" on her summary judgment motion; and (2) since he denied her C.R.C.P. 59 motion, "there is no other remedy but for a higher court to force [him] to follow the law regarding summary judgment cross motions."  We disagree.

##### a.  Standard of Review and General Legal Principles

¶ 16     We review de novo the question of whether we have jurisdiction over an appeal.  *Colo. Jud. Dep't v. Colo. Jud. Dep't Pers. Bd. of Review*, 2022 CO 52, ¶ 18.

¶ 17     "The court of appeals has initial jurisdiction over 'final judgments' of the district courts."  *Chavez v. Chavez*, 2020 COA 70, ¶ 24 (quoting § 13-4-102(1), C.R.S. 2024).  A "final judgment is 'one that ends the particular action . . . leaving nothing further for the court . . . to do in order to completely determine the rights of the

parties involved in the proceedings.'" *Id.* (quoting *People in Interest of R.S. v. G.S.*, 2018 CO 31, ¶ 37). Typically, a mere denial of a summary judgment motion is not a final judgment for purposes of appeal. *Ball Aerospace & Techs. Corp. v. City of Boulder*, 2012 COA 153, ¶ 9. But, when a court grants one motion for summary judgment and denies one from the other side of the case, it generally and effectively ends the litigation. *Id.*

### b. The Court Effectively Ruled on Lynne's Summary Judgment Motion

¶ 18    Recall that, by the time the parties filed their summary judgment motions, only Lynne's defamation claim remained because Judge Findley had previously dismissed her intentional infliction of emotional distress claim.

¶ 19    The crux of Lynne's defamation claim concerned four statements that Feyen had made during the town hall and in his Facebook post. According to Lynne, (1) Feyen said Lynne had "kidnapped" her child, but she had never been charged with kidnapping; (2) Feyen said Lynne had gone to prison, although she had only been incarcerated in a jail; (3) Feyen said Lynne was an unfit mother, although no court had issued such a ruling; and

5

(4) Feyen said that Lynne completely lost custody of her child, although she never had.

¶ 20    In Feyen's summary judgment motion, he asserted that all four of the statements in the previous paragraph were "substantively true," so they could not be the basis for a defamation claim. Judge Lammons's summary judgment order agreed with this assertion, granting Feyen's summary judgment motion and dismissing the case.

¶ 21    Judge Lammons did one more thing that is pertinent to our analysis: He decided that "[a]ll other pending motions are moot." An issue is moot when any relief the court might grant would not have a practical effect on the case. *People in Interest of C.G.*, 2015 COA 106, ¶ 12.

¶ 22    Reviewing Lynne's summary judgment motion, we see that it addressed three of the four statements that Feyen's summary judgment motion analyzed. She alleged that Feyen had no defense to her defamation claim concerning his statements that Lynne (1) "kidnapped her child"; (2) "lost complete custody of her child"; and (3) "was declared by the court to be an unfit mother."

¶ 23    Comparing the two summary judgment motions, they addressed the same issue from the different perspectives of Feyen and Lynne: Were Feyen's statements defamatory?  So, when Judge Lammons granted Feyen's summary judgment motion, he necessarily rejected Lynne's.  As a result, any further order addressing Lynne's summary judgment motion would be moot because ruling on that motion would not have a practical effect on the case.  *See Interest of C.G.*, ¶ 12.

¶ 24    We therefore conclude that Judge Lammons's summary judgment order addressed all the issues remaining in the case, therefore rendering that order final for the purposes of this appeal.  *See G.S.*, ¶ 37; *Ball*, ¶ 9; *Dempsey v. Romer*, 825 P.2d 44, 49 n.5 (Colo. 1992).

### 2.    Feyen's Jurisdictional Contention

¶ 25    Feyen submits that (1) Judge Lammons's April 17, 2024 order granting his motion for summary judgment was a final order; (2) Lynne's C.R.C.P. 59 motion did not, as Judge Lammons determined, ask for relief cognizable under C.R.C.P. 59; (3) as a result, Lynne's C.R.C.P. 59 motion was "unnecessary and superfluous" because it did not "affect a substantial right," meaning

that it "did not give rise to appellate review"; (4) Lynne should have filed her notice of appeal within forty-nine days of April 17, or by June 5; (5) because she did not file her notice of appeal until July 1, 2024, the notice was untimely, and we do not have jurisdiction over this appeal, *see In re Marriage of Roddy*, 2014 COA 96, ¶ 7; C.A.R. 4(a)(1); so (6) we should dismiss this appeal.

¶ 26     We broadly construe the pleadings of pro se litigants "to ensure that they are not denied review of important issues because of their inability to articulate their argument like a lawyer." *Jones v. Williams*, 2019 CO 61, ¶ 5.  In doing so, however, we cannot rewrite the litigants' pleadings or advocate for them.  *Johnson v. McGrath*, 2024 COA 5, ¶ 10.

¶ 27     In her C.R.C.P. 59 motion, Lynne asks for a judge to "issue an order" on her summary judgment motion.  She adds that, if Judge Lammons had ruled on her summary judgment motion, he would have "denied" Feyen's summary judgment motion, and "he would have been forced as a matter of law" to grant hers.

¶ 28     Reading these statements broadly, we conclude that Lynne's C.R.C.P. 59 motion was the equivalent of a motion asking a new judge to reconsider Judge Lammons's decision granting Feyen's

summary judgment motion and, instead, to grant her the relief that she requested in her summary judgment motion. *See Przekurat v. Torres*, 2016 COA 177, ¶ 57 ("Once the summary judgment . . . became final, which it did upon the dismissal of [all] the claims . . . , [the plaintiff] had fourteen days to file a C.R.C.P. 59 motion directed to that judgment."), *aff'd*, 2018 CO 69; *In re Taylor*, 134 P.3d 579, 582 (Colo. App. 2006)(Divisions of the court of appeals "have previously treated a post-trial motion to reconsider as a C.R.C.P. 59 motion to alter or amend the findings or the judgment of the court."); *cf. Said v. Magdy*, 2024 COA 109, ¶ 10 ("[O]ur case law makes clear that a motion for reconsideration can qualify as a Rule 59 motion even if it does not cite Rule 59 . . . .").

¶ 29   Under C.A.R. 4(a)(3), "[t]he running of the time for filing a notice of appeal is terminated as to all parties when any party timely files a motion in the lower court pursuant to C.R.C.P. 59." Such a motion must be filed within fourteen days of entry of the judgment. C.R.C.P. 59(a). "The time to appeal restarts when the Rule 59 motion is resolved — either when it is ruled upon or when it is deemed denied . . . ." *In re Estate of Ybarra*, 2024 COA 3, ¶ 10. A notice of appeal must be filed within forty-nine days of when the

C.R.C.P. 59 motion is resolved. *In re Marriage of Roth*, 2017 COA 45, ¶ 11.

¶ 30    Lynne's C.R.C.P. 59 motion was filed on May 1, 2024, or on the fourteenth day after Judge Lammons granted Feyen's motion for summary judgment and dismissed the case. Judge Lammons denied the C.R.C.P. 59 motion on May 14, 2024. Lynne filed the notice of appeal in this court forty-eight days later, on July 1, 2024. We therefore further conclude that Lynne's notice of appeal was timely filed, that we have jurisdiction over this appeal, and that we will not dismiss it.

## B. Motion to Disqualify Judge Lammons

¶ 31    Lynne submits that Judge Lammons erred when he denied her motion to disqualify him. She adds that he did not fulfill his judicial duties because he did not rule on her summary judgment motion. We disagree.

### 1. Standard of Review

¶ 32    In a civil case, a trial judge's decision to disqualify himself is a matter of discretion, and we will not reverse that decision unless the judge abuses that discretion. *Bocian v. Owners Ins. Co.*, 2020 COA 98, ¶ 12. "A judge's failure to disqualify himself in the face of

a legally sufficient motion is an abuse of discretion," and the "sufficiency of a motion to disqualify is a legal determination we review de novo." *Id.*

¶ 33     "Under C.R.C.P. 97, disqualification is appropriate when the motion and supporting affidavits allege sufficient facts from which it may reasonably be inferred that the judge is prejudiced or biased, or appears to be prejudiced or biased, against a party or counsel to the litigation." *Bocian,* ¶ 13.

### 2. Analysis

¶ 34     We have concluded above that Judge Lammons ruled on Lynne's summary judgment motion when he granted Feyen's summary judgment motion and ruled that "[a]ll other pending motions are moot." This conclusion means that, by a parity of reasoning, the allegation supporting Lynne's motion to disqualify Judge Lammons lacks legal or factual support. In other words, contrary to Lynne's assertion, Judge Lammons effectively ruled on her summary judgment motion. As a result, we conclude that Judge Lammons did not abuse his discretion or refuse to recuse himself in the face of a legally sufficient motion to recuse when he denied Lynne's motion.

11

¶ 35    Near the end of her opening brief, Lynne alleges that Judge Lammons and Feyen may be "friend[s]," but she does not elaborate on that allegation or provide any facts, any evidence, or any citations to the record in support of it.  We do not consider undeveloped and unsupported arguments on appeal.  *Woodbridge Condo. Ass'n v. Lo Viento Blanco, LLC*, 2020 COA 34, ¶ 41 n.12.

¶ 36    The judgment in favor of Feyen, based on Judge Lammons's order granting Feyen's summary judgment motion, and the order denying Lynne's motion to disqualify Judge Lammons are affirmed.

JUDGE FOX and JUDGE HARRIS concur.